## CAGLE v. LANE.

1. PROMISSORY NOTE: *Failure of consideration: Finding of fact by Chancellor: Payee as bona fide purchaser.*

The plaintiff held a note indorsed by C., for $750. In order to take up this note C. procured the defendant to execute direct to the plaintiffs the note sued on, for $1000, and received from the plaintiffs the difference in value between the two notes. The defence to the note was a failure of consideration, and also that the plaintiff combined with C., the owner of a patent right, to decoy the defendant into the purchase of a worthless invention. The Chancellor found that there was no fraud or collusion on the part of the plaintiff. *Held:* (1) That the preponderance of evidence being with the Chancellor's finding, it should not be disturbed. (2) That although the plaintiff was the payee of the note, he stands, when absolved from the charge of fraud, in the attitude of a *bona fide* purchaser, before maturity, and a failure of consideration could not, therefore, affect his right to recover.

2. SAME: *Parol evidence as to parties to.*

The plaintiff held a note indorsed by C., for $750. To take up this note, C. procured the defendant to execute his note to the plaintiff for $1000, and received from the plaintiff the difference. *Held:* That although it appears from the face of the note that the plaintiff was the immediate promisee of the defendant, he was not precluded thereby from showing the true state of the case, and that the transaction (so far as it concerned the defendant) was substantially the same as if the note had been drawn in favor of C. and by him indorsed to plaintiff.

30

APPEAL from *Polk* Circuit Court.

R. D. HEARN, Sp. Judge.

Lane sued Cagle on his promissory note for $1000. It appeared that one Cummings had a patent coffee-pot condenser, and that he had sold certain territory to one Wagoner, and taken Wagoner's note for $750, which he had sold to Lane. For certain reasons the trade with Wagoner had to be canceled, and this obliged Cummings to take up Wagoner's note from Lane. Cummings then sold certain territory to Cagle, and had Cagle make his note for $1000 direct to Lane, he having previously made an agreement with Lane to take it and surrender the $750 note, and pay the difference, $250. The condenser proved worthless, and Cagle refused to pay his note, alleging fraud and collusion on the part of Lane and Cummings to decoy him into purchasing a worthless invention, and also failure of consideration. The other material facts appear in the opinion.

*S. W. Williams* and *Z. P. H. Farr* for appellant.

1. The evidence shows that the consideration for the note had totally failed. *1 Dan. Neg. Inst., p. 207, sec. 203.*

2. As to the fraud and misrepresentations of defendants as the inducement to purchase the patent right, see *Bish. Eq., 261; 31 Ark., 170; 44 id., 216.*

Even if Lane were a third party to the transaction, as he claims, and had no interest in it, he knew the consideration for which the note was given, and cannot claim the advantage of an innocent third party. *Dan. Neg. Inst., p. 177, sec. 176; 9 Allen, 45.*

The proof of fraud here is stronger than in *44 Ark., 216.*

The rule protecting the innocent holder of commercial

Cagle v. Lane.

paper applies only to the assignee of negotiable paper. *1 Dan. Neg. Inst., sec. 1; id., sec. 799.*

*John C. & C. W. England* for appellee.

Fraud is never presumed but must be proved. *11 Ark., 378; 38 id., 418; 18 id., 123; 20 id., 216.*

Review the evidence and contend that no fraud or failure of consideration is shown. *27 Ark., 244; 31 id., 170; 44 id., 216.*

But if there had been a failure of consideration as between Cummings and Cagle, it is no defence against Lane, when the proof showed a consideration passed between Lane and Cummings. *1 Dan. Neg. Inst., p. 175, sec. 175; id., sec. 769.*

If the preponderance of the proof is not against the Chancellor's decision, this court will affirm.

COCKRILL, C. J. The appellant's defence of fraud and a failure of consideration to the note sued on, could have been made without a transfer of the cause to the equity docket. The transfer was made at his instance, however, and he does not, and could not be heard to, complain.

The burden of showing that Lane, the plaintiff, combined with Cummings, the patentee, to decoy the defendant into the purchase of a worthless invention, was upon the latter. The Chancellor found that no collusion was proved, nor fraud on the part of the plaintiff shown. The preponderance of the evidence is with the Chancellor's finding, and we decline therefore to disturb it. *Gaty v. Holcomb, 44 Ark.*

Conceding that the proof establishes a failure of the original consideration of the note, the defence was incomplete without the proof of the fraud sought to be established; because when the plaintiff is absolved from the charge of fraud in procuring

the execution of the note, it leaves him in the attitude of a *bona fide* purchaser of the note for value, before maturity, and under the belief that the maker had executed it upon a valuable consideration. The testimony leaves no ground for a middle course. The failure of the consideration then would not affect the plaintiff's right to recover. Although it appears from the face of the note that the plaintiff was the immediate promisee of the defendant, he was not precluded thereby from showing the true state of the case. Lane, the plaintiff, held a note indorsed by Cummings, for $750. In order to take up this note, Cummings procured the defendant to execute his note for $1000 direct to Lane, and received from Lane the difference in value between the two notes. The transaction is the same in substance (as far as it concerns the defendant) as if the note had been drawn in favor of Cummings and by him indorsed to Lane. *1 Parsons Notes & Bills, p. 181, 2d ed.; 1 Daniels Neg. Inst., secs. 175–6; Munroe v. Bordier, 8 M. G. & S., 862, S. C. 65, E. C. L. 861; Poirier v. Morris, 2 E. & L. 89, S. C. 75, E. C. L. 88; South Boston Iron Co. v. Brown., 63 Me., 139.*

Let the judgment be affirmed.