HALLIBURTON *v.* CANNON.

Opinion delivered October 15, 1923.

1. APPEAL AND ERROR.—CONCLUSIVENESS OF VERDICT.—If the verdict of a jury or the finding of the court sitting as a jury is supported by legal and substantial evidence, it will not be disturbed on appeal; and in determining whether evidence was legally sufficient to sustain a verdict, the evidence must be viewed in the light most favorable to the verdict.

2. BILLS AND NOTES—PAROL EVIDENCE OF CONDITIONAL SIGNATURE.— Where a promissory note, made payable to plaintiff, was signed by defendant as accommodation maker upon express condition that two other persons should sign the note before it should become binding on defendant, and defendant notified plaintiff of such condition before the note was delivered to him, it was not error to permit defendant to prove the condition on which he signed the note, though plaintiff was not present when the note was signed.

Appeal from Cleburne Court; *J. M. Shinn*, Judge; affirmed.

*M. E. Vinson*, for appellant.

Cannon signed the note and placed it in the hands of the principal, McIntosh, thereby constituting the latter his agent for the purpose of negotiating the note. 48 Ark. 454; 69 Ark. 332; 99 Ark. 319. The note carried no condition on its face, and the only condition that could have attached to it would have been notice to the payee before delivery. Such notice was not given. Cannon is estopped. 48 Ark. 454; *Id.* 426 and cases cited. The note in suit was a renewal of the note for which it was given, and Cannon was a surety on the original note. The renewal note was therefore not a new obligation. 96 Ark. 268; 106 Ark. 156. The note sued on being taken in renewal of another on which Cannon was liable as a surety, made plaintiff a holder in due course of business. 88 Ark. 97; 96 Ark. 111; 65 Ark. 210; 102 Ark. 49; *Id.* 426. Its delivery for value and in due course of business is conclusively presumed. C. & M. Digest, § 7782.

*Lawrence Neill Reed,* for appellee.

The court, sitting as a jury, found the facts to be that Cannon signed the note upon condition, and that the plaintiff had notice of this fact before its acceptance by him. The court's finding should not be disturbed. 126 Ark. 578; 115 Ark. 607; 171 S. W. 924; 114 Ark. 170.

HUMPHREYS, J. This suit was brought in the circuit court of Cleburne County, by appellant against appellee and a number of others, upon a note for $653 and interest, executed by them to him. The note was given in evidence of an indebtedness of the amount owing by W. R. McIntosh to appellant, including $475 and accumulated interest, evidenced by a note theretofore given to appellant by W. R. McIntosh with appellee as security.

Appellee interposed the defense that he had signed the $653 note upon condition that E. G. Mitchell and O. P. McIntosh should sign it before he would be bound, and that he notified appellant of the condition before the note was delivered to him.

The cause was submitted to the court, sitting as a jury, upon the issue joined and testimony adduced by the respective parties, which resulted in a finding and judgment for appellee, from which is this appeal.

The first contention for a reversal of the judgment is the alleged insufficiency of the evidence to support the verdict. The rule is that, if a verdict of a jury, or of the court sitting as a jury, is supported by any legal, substantial evidence, it will not be disturbed by this court on appeal. *Gilchrist* v. *State,* 100 Ark. 330; *Cherry* v. *Peay,* 115 Ark. 607; and in determining whether there was evidence legally sufficient to sustain a verdict the evidence must be viewed in the light most favorable to the verdict. *St. L. I. M. & S. R. Co.* v. *Coleman,* 97 Ark. 438.

Appellee testified that he signed the note at the request of W. R. McIntosh, with whom he had an understanding, in the absence of appellant, that he should not become liable thereon until E. G. Mitchell and O. P.

McIntosh signed it; that, immediately after signing it, and before delivery, he told appellant of the understanding, and that, unless said parties signed it, not to count on him.  Neither E. G. Mitchell nor O. P. McIntosh signed the note.

Appellant testified that appellee did not tell him about the understanding he had with W. R. McIntosh until after W. R. McIntosh had delivered the note to him and after he had returned the old note of $475 to W. R. McIntosh.

Each party is supported in his statement by other testimony in the case.  Applying the rules heretofore announced by this court to the facts recited, the verdict cannot be disturbed, as it is supported by legal evidence of a substantial nature.

The second and last contention made by appellant for a reversal of the judgment is because the court admitted proof of the agreement appellee had with W. R. McIntosh, in the absence of appellant, to the effect that E. G. Mitchell and O. P. McIntosh would sign the note before it should become binding on appellee.  The notice Cannon testified he gave appellant was based upon the agreement.  The agreement was the very thing about which the notice was given.  Had appellant been present when the agreement was made, it would have been unnecessary to notify him of it, as he would have been bound by it without further notice.  Not being present, it was necessary to notify him of it before delivery of the note in order to bind him by it.  It would have been impossible to testify intelligently about the notice without telling of the agreement.  The agreement, being a necessary part of the transaction, was clearly admissible in evidence, although made in the absence of appellant.

No error appearing, the judgment is affirmed.