TAYLOR *v.* DEESE.

Opinion delivered February 25, 1929.

*Trimble & Trimble*, for appellant.

*C. V. Holloway* and *Reed & Beard*, for appellee.

HART, C. J., (after stating the facts). It is earnestly insisted by counsel for appellant that the judgment must be reversed because the circuit court erred in admitting parol evidence to show that appellees signed the note to

the bank under the promises of its cashier that the note would not become effective until the bank took a mortgage from C. F. Deese, the principal in the note, upon a certain tract of land, and that this condition was never performed by the bank. It is contended that the admission of this testimony violated the well-known rule that parol evidence is not admissible when it tends to vary or contradict the legal effect of a written instrument. According to the parol testimony, the note sued on was not to become effective until the bank took a mortgage on 80 acres of land from C. F. Deese, the principal in the note. In other words, the note was not effective until this alleged condition was complied with. This made it a condition precedent to the final completion of the contract between the parties. The testimony of appellees brings the case squarely within the principles of law announced in *Halliburton* v. *Cannon,* 160 Ark. 428, 254 S. W. 687, where the principles of law governing cases of this sort are stated in the second syllabus. In that case, after reiterating the well-settled rule that the verdict of a jury, or the finding of a court sitting as a jury, will not be disturbed on appeal if the evidence is legally sufficient to support it, the court held that, where a promissory note, made payable to plaintiff, was signed by defendant as an accommodation maker, upon express condition that two other persons should sign the note before it should become binding on defendant, and defendant notified plaintiff of such condition before the note was delivered to him, it was not error to permit defendant to prove the condition on which he signed the note, though plaintiff was not present when the note was signed. The holding of the court in that case was based upon the rule in *Graham* v. *Remmel,* 76 Ark. 140, 88 S. W. 899, to the effect that, in a suit on a note executed in payment of the first premium of a policy of insurance, it is competent in defense to prove by parol evidence that the note was executed on condition that it should not be binding unless the policy, when it arrived, was satisfactory. In that

case the court also had in mind that the payee of the note might be a holder in due course under the rule announced in *Cagle* v. *Lane*, 49 Ark. 465, 5 S. W. 790.

This court is committed to the rule that the parties to the instrument may introduce parol evidence to show that the contract should not become effective unless certain conditions are first complied with. The reason is that such testimony does not contradict or vary the terms of the writing itself, but simply provides that the written instrument or contract is never to become binding upon the parties unless and until the condition is complied with.

This principle was recognized and applied in *American National Bank* v. *Kerly*, 109 Ore. 155, 220 Pac. 116, 32 A. L. R. 262, and *Caudle* v. *Ford* (Ky.), 72 S. W. 270.

In the case first cited the Supreme Court of Oregon held that the payee of a note which does not accept it until after notice of conditions upon which some of the makers sign, and which had not been complied with, is not a holder in due course. Parol evidence was admitted in that case to show the conditions upon which the note was signed and that the bank had notice of before the note was delivered to it.

In the case last cited the Court of Appeals of Kentucky held that it was competent to show by parol evidence that, at the time the payees of an accommodation note indorsed the same, it was agreed that, before the maker should sell it, he should obtain the name of another party as payee, and that the latter should also indorse it, and the maker should execute a mortgage to indemnify the payees against loss. The court also held that, in an action by an indorsee against the indorsers of an accommodation note, where defendants all testified to an agreement whereby their indorsement was not to take effect until certain conditions were complied with, and that the plaintiff had notice thereof, a verdict for defendants could not be disturbed on appeal, though plaintiff testified that he purchased without notice of the agreement.

This principle is not in conflict with our negotiable instrument statute. Subdivision 5 of chapter 130 of Crawford & Moses' Digest deals with the subject of the rights of holders of negotiable instruments to sue. Section 7817 defines a holder in due course. He must be one who has no notice of any infirmity in the instrument at the time he takes it. Under § 7824 a negotiable instrument is subject to the same defenses as if it were non-negotiable in the hands of any other holder in due course.

In the case at bar, if the note was delivered to Couch as cashier of the bank upon condition that it was not to become effective until the bank took the mortgage of C. F. Deese, the principal in the note, on the tract of land testified to, then the bank was not a holder in due course, and the court did not err in admitting parol evidence to show the condition upon which the note was signed and that the bank had notice of the condition at the time the note was delivered to it. The evidence on this point was conflicting, and, under our well-settled rules of practice, the verdict of the jury is binding upon us on appeal.

Therefore the judgment will be affirmed.