TAYLOR *v.* VINER.

Opinion delivered March 7, 1932.

*John C. Ashley* and *Gus Causbie*, for appellant.

*Geo. T. Humphries* and *W. P. Smith*, for appellee.

BUTLER, J. This is an action begun in the circuit court of the northern district of Sharp County by the appellant, Farmers' Bank of Hardy, against J. T. Viner, Lee Weaver and Eliza Weaver, to recover on a promissory note executed on the 4th day of December, 1926, which was past due and unpaid. From a judgment adverse to Taylor, the commissioner in charge of said bank, he has appealed.

The appellee, J. T. Viner, defended on the ground that his signature to the note was conditioned upon the procurement of the signature of one Wess Weaver on the note, that this person's signature was not obtained, and therefore he was not liable. He testified that Lee Weaver came to him one evening, and requested him to sign the note; that he agreed to sign it if Lee Weaver would get Wess Weaver to sign it, and, having received the promise that this would be done, he signed the note; that early the next morning about the time the bank opened he went to Mr. Turner, the cashier of the bank, and informed him of the understanding between himself and Lee Weaver and told him that if Wess Weaver did not sign the note not to take it.

It appears from the testimony of the assistant cashier of the bank who testified from the records that this note was given in renewal of another note for the same amount executed on March 6, 1925, and due ninety days after date.

The president of the bank, who became active as an official in 1928, testified that when he took charge he began efforts to collect the note from Viner and Lee Weaver; that Viner did not deny liability, but said to let the note run along and see what would be the outcome of the bankruptcy proceedings in which Weaver was then involved.

On rebuttal, Viner stated that he had never acknowledged liability on the note, and did not know until after Lee Weaver died that Wess Weaver had not signed it.

This case is ruled by the case of *Halliburton* v. *Cannon*, 160 Ark. 428, 254 S. W. 687, in which it was held that, where a note is given signed by an accommodation maker, and afterward a note is executed in renewal of the first note, it is a good defense by the accommodation maker to his liability as signer of the renewal note that his signature was affixed thereto upon the express condition that other persons should sign the note before it should become binding on him, and that the payee was

notified of the condition on which the note was signed before it was delivered to him.

The court correctly instructed the jury that the burden of proof was upon Viner to prove by a preponderance of the evidence in order to escape liability that he had signed the note on condition that the signature of Wess Weaver should be obtained and also that he had notified the bank before the note was accepted by it.

It is insisted by the appellee that the case of *Halliburton* v. *Cannon, supra,* does not govern because there is a lack of evidence that the bank was notified of the condition before it accepted the renewal note. The evidence in this case is very brief. Viner informed Turner, the cashier of the bank, of the condition about the time the bank was opened and just what was said between the two is uncertain. Viner, in answer to a question as to whether or not Turner said anything about turning the note over to Lee Weaver, answered, ''No, he talked like they had though,'' and, when asked if Turner had the note then, answered, ''I asked him about it, and he didn't seem to have it and didn't claim that Wess Weaver had signed it.'' On cross-examination witness stated that he told Turner about the condition upon which he signed the note and told him not to take it unless Wess Weaver signed it. He was asked, ''You don't know if he had the note at that time,'' and answered, ''No, sir.''

This was all the testimony relative to the notice given the bank, and, while not conclusive, we are of the opinion that the reasonable inference might be drawn that the notification was given the bank before the note had been delivered to it by Lee Weaver and accepted by it in renewal of the note of March 6, 1925.

After the verdict was returned, the appellant filed a motion for judgment, notwithstanding the verdict, on the note dated March 6, 1925, for which the renewal note was given, on the theory that the renewal note did not extinguish the obligation of the former. It is true that, without an agreement to that effect, the renewal of the note will not operate as a payment of the original note, but

there was no evidence regarding any agreement at the time the note was renewed or as to whether it was surrendered or retained by the bank. Moreover, the note of March 6, 1925, was not declared on, and therefore the court did not err in overruling the motion.

We find no error in the record, and conclude that there was substantial evidence to support the verdict. The judgment of the trial court is therefore affirmed.