W. T. RAWLEIGH COMPANY v. MOORE.

4-2753

Opinion delivered November 30, 1932.

A. D. Whitehead, for appellant.

W. G. Dinning, for appellee.

McHANEY, J. Appellant sued appellee on a bond executed by him and U. G. Fletcher as sureties for one Ginn, which guaranteed the payment of any balance that might be due and owing to it by Ginn, for goods sold and delivered by it to the latter. The bond contained the following provision: "It is agreed that there are no conditions or limitations to this undertaking except those written or printed hereon at the date the same was signed by us, and that no alterations, changes or modifications

hereto shall be binding or effective upon the W. T. Rawleigh Company, unless executed in writing and signed by ourselves and the said the W. T. Rawleigh company, and the corporate seal of the said company thereto affixed. Provided, however, that the liability of the sureties shall not exceed one hundred dollars.'' Liability was limited to $100 by typewritten addition to the bond. Appellee defended on the ground that, although he signed the bond at the solicitation of Ginn and one Jackson, agent of appellant, he did so on the express condition that one E. B. Fletcher would sign the bond with him and agree to share whatever liability there might be on said bond up to $100. Appellee was permitted to testify, over appellant's objections, that Jackson solicited him to sign the bond, and that he told Jackson he would do so if he would get E. B. Fletcher to sign also, and that he would not agree to be bound unless this was done.

The trial court submitted the question to the jury on an instruction that told the jury to find for appellant unless they found that at the time appellee signed it he notified the agent of appellant that he would not be liable thereon until Mr. E. B. Fletcher signed it. And further: ''If you find from a preponderance of the evidence that Mr. Moore told the agent of the company he wouldn't be liable on the bond until Mr. E. B. Fletcher signed it, then the agent should not have sent the bond to the company without getting his signature on it, and, if he did, then the company would be bound by the acts of its agent, and it would not make Mr. Moore liable.'' The jury returned a verdict for appellee, on which judgment was rendered, and this appeal followed.

The court correctly permitted the testimony, and instructed the jury, and this question is ruled by the following cases: *Halliburton* v. *Cannon,* 160 Ark. 428, 254 S. W. 687; *Taylor* v. *Deese,* 179 Ark. 39, 14 S. W. (2d) 255; *Taylor* v. *Viner,* 185 Ark. 285, 47 S. W. (2d) 6. Many other cases might be cited. The undisputed testimony is that appellee told appellant's agent that he would not be bound unless E. B. Fletcher also signed. Instead of

getting E. B. Fletcher to sign, U. G. Fletcher was induced to do so. Judgment was rendered against him and Ginn, as they did not defend or appeal. Notice was therefore given to appellant's agent, and notice to the agent is notice to it.

The judgment is therefore affirmed.