THE W. T. RAWLEIGH COMPANY v. WINTERS.

4-6483                                     156 S. W. 2d 253

Opinion delivered November 24, 1941.

*Oliver Moore,* for appellant.
*Caudle & White,* for appellee.

HOLT, J.    October 17, 1938, appellant, The W. T. Rawleigh Company, filed its complaint in the Pope circuit court against appellees, seeking judgment against them as sureties on a "contract" of G. W. Reed with appellant, The W. T. Rawleigh Company, for merchandise sold to G. W. Reed in the amount of $383.05. The contract was made a part of the complaint.

April 6, 1939, appellees answered denying every material allegation in the complaint.

November 10, 1939, the cause was tried to a jury on the issues thus made and during the trial, over appellant's objections, appellees were permitted to introduce testimony in support of an affirmative defense not set up in their answer. At the conclusion of all the testimony, there was a directed verdict for appellees. Thereafter, upon appellant's motion, a new trial was granted.

November 16, 1939, appellees filed an amended answer alleging as an affirmative defense "that each of these defendants signed said contract with the distinct understanding and agreement by and between each of these defendants and the defendant, G. W. Reed, and the plaintiff, The W. T. Rawleigh Company, by and through plaintiff's agent and representative who was then present representing said plaintiff, but whose name is unknown to these defendants, that W. L. Hurley, Alvin Stutts and Albert Reed would become sureties thereon with these defendants, that this was a condition precedent to the liability of these defendants; that the said G. W. Reed and the representative of the plaintiff company took said bond, or contract, with full knowledge of said condition imposed by these defendants, and unlawfully and wrongfully failed to comply with said expressed

understanding, agreement and condition, and extended credit thereon to the defendant Reed; that by reason thereof these defendants were relieved from liability thereon, and that the taking of said contract by the plaintiff without compliance with said agreement and condition was unknown to these defendants until long thereafter; that by reason of the above plaintiff is not entitled to recover in the manner prayed.''

November 20, following, appellant filed demurrer to the amended answer alleging that a p p e l l e e s were ''estopped to file the amended answer''; that the amended answer is an ''after-thought'' and states ''no defense to the action.'' This demurrer was overruled and a motion was then filed by appellant to require appellees to make their answer more definite and certain ''by setting out the name and address of the alleged agent of the plaintiff.'' In an attempt to comply with this latter motion, appellees on March 30, 1940, filed another amendment to their answer alleging ''That the defendants do not know the name and address of the agent of plaintiff referred to in their answer, but believe, and believing, allege, that said agent was the representative of plaintiff residing in the city of Memphis, Tennessee, and that at the time of the execution of said instrument, said instrument had been prepared and was then in the hands of said agent who had come to Pope county, Arkansas, for the purpose of obtaining the execution thereof, and that the condition precedent upon which these defendants agreed to be bound by said instrument was made known to said representative, at the time of the execution thereof by these defendants, and while said instrument was then in the hands of said representative.''

At this point appellant's original demurrer was renewed and overruled, and the original motion to make more definite and certain was renewed as to the amended answer, and this motion was overruled.

Upon the issues thus joined, the cause was again tried before a jury and a verdict returned in favor of appellees. From a judgment on this verdict comes this appeal.

For reversal appellant contends (1) "error in over-ruling our demurrer to the amended answer; (2) error in overruling our motion to make the answer more definite and certain; and (3) error in allowing a verdict to be based on testimony in direct conflict with the material affirmative allegations of the answer."

Considering one and two together, we think both are untenable. Section 1416 of Pope's Digest, among other things, provides that "the answer shall contain . . . a denial of each allegation of the complaint controverted by the defendant . . . ; a statement of any new matter constituting a defense . . . in ordinary and concise language." The amended answer of appellees, while admitting having signed the "contract" in favor of The W. T. Rawleigh Company, by way of avoidance specifically alleged that they signed the contract on the condition that the agent of appellant, who presented the instrument to them for their signatures, and whose name they did not know, would procure certain other named parties to sign the contract with them and that this was a condition precedent to their liability. This, we think, clearly stated a good defense.

In *Halliburton* v. *Cannon,* 160 Ark. 428, 254 S. W. 687, this court held (quoting headnote No. 2): "Where a promissory note, made payable to plaintiff, was signed by defendant as accommodation maker upon express condition that two other persons should sign the note before it should become binding on defendant, and defendant notified plaintiff of such condition before the note was delivered to him, it was not error to permit defendant to prove the condition on which he signed the note, though plaintiff was not present when the note was signed."

And in *Taylor* v. *Deese,* 179 Ark. 39, 14 S. W. 2d 255, Chief Justice Hart, speaking for the court, cited the Halliburton-Cannon case and again announced the rule that "This court is committed to the rule that the parties to the instrument may introduce parol evidence to show that the contract should not become effective unless certain conditions are first complied with. The reason is that such testimony does not contradict or vary the terms of the writing itself, but simply provides that the written

instrument or contract is never to become binding upon the parties unless and until the condition is complied with.''

The issue made by the complaint and the amended answer was whether appellant, through its agent, procured appellees' signatures to the contract by the promise that they should not become liable thereon unless the signatures of certain other named parties were added to the contract. The fact, if it be a fact, that appellees did not know the name or address of appellant's agent, cannot affect the issue thus clearly joined. The name of appellant's agent was not the issue. It could make no difference whether they knew his name or not. We have carefully examined the case of *Wilson* v. *Overturf*, 157 Ark. 385, 248 S. W. 898, relied upon in this connection by appellant, but it is our view that it does not control here.

What we have said on appellant's first two assignments applies also to its third. Appellant has only abstracted the testimony he relies upon, which includes short excerpts from the testimony of appellees to the effect that they did not know the name or address of appellant's agent, who secured their signatures to the contract. In the absence of an abstract, we must assume that the testimony taken at the trial supports appellees' contention that appellant's agent, whose name and address they did not know, brought the contract to them and obtained their signatures on condition that certain other parties, whom the agent named, would sign with them and be bound thereby, and that in the event the other parties so named did not sign, then appellees were not to be bound.

Appellant does not question here any of the instructions given by the court.

No error appearing, the judgment is affirmed.