Argued April 6, affirmed May 9, 1916.

## WELLS *v.* FIRST NAT. BANK.

(157 Pac. 145.)

</div>

**Banks and Banking—Rights of Depositors—Actions—Burden of Proof.**

1. The burden of proof is on the bank in a depositor's action for money deposited to show payment of the amount or some lawful disposition of the funds.

Trial—Direction of Verdict—Grounds.
2. Where the one on whom the burden of proof rests fails to produce any evidence, direction of verdict for the adverse party is proper.

Pleading—Reply—Admissions.
3. Although depositors who sued the bank for sums deposited admitted by the reply the receipt of a statement of account, and that they signed a statement to the bank examiner that they had authorized certain loans, such matter was not a defense to the action, where they further alleged and proved inaccuracies in the statement and fraud in securing the statement to the examiner.

~ [As to duty of bank depositor to examine pass-book and vouchers, see note in Ann. Cas. 1914D, 465.]

Trial—Trial to Court—Waiver of Jury.
4. Where motion for nonsuit was overruled, and defendant refused to introduce testimony, and plaintiffs moved for directed verdict, both sides waived jury trial, and the case stood for decision by the court.

From Douglas: GEORGE F. SKIPWORTH, Judge.

In Banc. Statement by MR. JUSTICE BEAN.

This is an action by Mary T. Wells and Flora Wells for money deposited in the First National Bank of Roseburg, Oregon, a corporation. Plaintiffs had a verdict, and from a consequent judgment, defendant appeals.

Stated generally, the issues tried in the case are as follows: By the complaint it appears, in substance, that the defendant is a corporation organized under the banking laws of the United States; that on December 1, 1910, the plaintiffs had $2,965.24 on deposit in the defendant bank, $765.24 of which has been paid them, leaving a balance of $2,200 which has been demanded and not paid.

By the answer defendant denies that any amount is due, and affirmatively asserts that prior to April 28, 1911, plaintiffs deposited with it the sum named, and that it has paid plaintiffs or their order in full; that on June 17, 1911, defendant sold its business and transferred its deposits to the Douglas National Bank

of Roseburg, Oregon, in which plaintiffs acquiesced, at which time they had on deposit with defendant a balance of $560.03, which plaintiffs have withdrawn from the transferee bank. Defendant further pleads: That plaintiffs are estopped from asserting that it is indebted to them, for the reason that on June 26, 1911, it rendered a statement showing plaintiff's account with the bank as claimed by it and returned their checks, and that plaintiffs have failed to object thereto. That prior to rendering such statement a United States bank examiner examined the plaintiff's account with the defendant bank and addressed to them the following letter:

"Roseburg, Oregon, June 20, 1911.
"Wells Sisters, Elkton, Or.

"Madam: The records of this bank showed, at a recent examination, that certain charges had been made in your account by President Sheridan. In other words, part of your deposit had been withdrawn and loaned by him. Mr. Sheridan states that you authorized him to withdraw these funds and invest them for you. If this is so, you will kindly sign the certificate at the bottom of this letter and return in the inclosed envelope.

"Mr. Sheridan informs me that he has withdrawn the following sums which he loaned to the parties mentioned below: $2,220.00 loaned to T. R. Sheridan.

"Yours respectfully,
"ROBERT W. GOODHART,
"National Bank Examiner."

That the plaintiffs received this letter and signed the certificate appended thereto, which reads as follows:

"I hereby certify that any sums withdrawn by Mr. T. R. Sheridan from my balance on deposit with the First National Bank of Roseburg, Oregon, were duly

authorized by me, and the First National Bank is relieved from all liability relative to the same.

"MARY T. WELLS.
"FLORA WELLS."

The defendant further avers that, if plaintiffs had not refrained from objecting to the account for more than three years and six months, and had not accepted the note signed by T. R. Sheridan, it could have protected itself against loss; that more than two years prior to the time plaintiffs made their claim Sheridan's property was seized upon attachments, and thereafter he was adjudged a bankrupt.

By the reply plaintiffs deny the payment of the balance claimed by them and the gist of the other facts alleged as new matter in the answer, except that they admit the receipt of the statement of account, but deny that the same was full, complete or correct, or that they never objected thereto. They admit signing the statement appended to the bank examiner's letter, and further aver that T. R. Sheridan was the president and actual manager of the defendant bank; that, as such president, he represented to them that the bank could find safe loans for them upon good security; that they did not authorize Sheridan or anyone to loan or withdraw any of their funds from the bank; that no vouchers for $1,000 charged on February 23, 1910, and $1,200 charged on October 10, 1910, were returned to them with the statement; that they inquired of Sheridan in regard thereto and were informed that such funds had been loaned on good security, and that the bank would collect the interest and could collect the principal at any time on 60 days' notice; that because they had full confidence in the financial ability of the bank and the integrity of its president they made no objections to loaning the money at the time they were so informed; that about

January 29, 1914, they learned for the first time that Sheridan claimed he had loaned the money to himself or to himself and one or two of his brothers; that they understood the letter referred to a loan the bank had made; that they believed the statements of Sheridan that such funds were loaned upon good security, without knowledge to the contrary, and without knowing that Sheridan claimed that he or his relatives had taken the money; that they were informed by Sheridan that the object of the letter of the bank examiner was merely to show that he had authority, as president of the bank, to loan the money; that upon his representations that the defendant bank had consolidated with the other bank, and in order to prevent plaintiffs from demanding their money, he represented to them that he would still be connected with the consolidated bank; that they believed such bank would look after and collect said loan, and that they therefore signed the above statement and mailed it to the bank examiner at Seattle, Washington, without observing or understanding that the letter purported to state that said $2,200 had been loaned to Sheridan; that Goodhart did not inform them that Sheridan was financially embarrassed, although he knew it, and that they were deceived; that Sheridan while president of defendant bank had withdrawn said sums for his own use when he was heavily in debt and in failing circumstances; that plaintiffs never ratified nor relied upon such statement of account, as defendant, through its president, Sheridan, well knew; and that immediately upon the receipt thereof plaintiffs communicated with the president of the defendant bank and received the assurances referred to, because of which plaintiffs refrained for a long time from taking action to recover such funds. As to the alleged promissory notes

signed by T. R. Sheridan and referred to in the answer, plaintiffs allege that they never accepted them as a settlement or discharge in any way of their claim against the defendant bank; that the notes never came into their possession, and they never knew of their existence until on or about January 20, 1914.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondents there was a brief and an oral argument by *Mr. Benjamin L. Eddy.*

MR. JUSTICE BEAN delivered the opinion of the court.

Upon the trial of the cause both Mary T. Wells and Flora Wells, plaintiffs herein, testified that neither of them ever directly or indirectly withdrew the balance of $2,200 admitted by defendant bank to have been upon deposit therein to their account, nor authorized Sheridan, president of the bank, to loan the same, although one of them wrote him in regard to a loan, and her letter shows she made an inquiry concerning such an opportunity. It appears that plaintiffs resided a little distance from the bank, and had never spoken with Sheridan but once or twice. The evidence, if correct, and it is undisputed, is a complete refutation of every claim made by the bank.

1, 2. The burden was upon the defendant in the first instance to show the payment to plaintiffs of the amount due or some lawful disposition of the funds deposited by them. This it wholly failed to do, as it offered no evidence. The trial court therefore very properly directed the jury to return a verdict for

plaintiffs for the amount claimed: *Carney* v. *Duniway*, 35 Or. 131 (57 Pac. 192, 58 Pac. 105).

3, 4. The motion for a nonsuit made by the defendant when plaintiffs rested their case raised the same question as plaintiffs' motion for a directed verdict. It was not error for the trial court to refuse the same. Taken together the uncontradicted evidence, the statements in the pleadings conceded by plaintiffs cannot be construed as constituting a defense to plaintiffs' admitted cause of action. The motion for a nonsuit having been overruled, the defendant having refused to introduce testimony, and the plaintiffs having moved for a directed verdict, both sides waived a trial by jury, and the case stood for decision by the court: *Patty* v. *Salem Flouring Mills Co.*, 53 Or. 350 (96 Pac. 1106, 98 Pac. 521, 100 Pac. 298); *Merrill* v. *Missouri Bridge & Iron Co.*, 69 Or. 585 (140 Pac. 439).

For a further exemplification of the situation and the law pertaining thereto, see the companion case of *De War* v. *First Nat. Bank ante*, p. 260 (156 Pac. 1038). Finding no error in the record, the judgment of the lower court is affirmed.

                                        AFFIRMED.

MR. CHIEF JUSTICE MOORE and MR. JUSTICE EAKIN absent.