FARMERS STATE BANK OF PAWNEE CITY, APPELLANT, V. FRANK BAKER ET AL., APPELLEES.

FILED MAY 15, 1928. No. 25875.

*N. T. Gadd* and *Barton & Barton,* for appellant.

*H. M. Sullivan* and *Squires & Johnson, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON, and HOWELL, JJ., and CLEMENTS and REDICK, District Judges.

REDICK, District Judge.

This action is brought by the plaintiff to recover on three promissory notes dated November 5, 1923, two for the sum of $5,000 each, and one for $3,000, signed by Frank Baker, G. A. Holeman, and B. J. Tierney. Prior to the commencement of the action Tierney died and only Baker and Holeman were made defendants. After the evidence had been taken before a jury, the jury were discharged by consent and the cause submitted to the court, resulting in a judgment for the plaintiff against the defendant Holeman, and against the plaintiff and in favor of the defendant Baker,

as to whom the action was dismissed. Motion for new trial having been overruled, plaintiff brings the cause here for review.

There is no substantial dispute as to the facts, which may be summarized as follows: Prior to 1921 the Farmers State Bank of Ansley had loaned to one Welch the sum of $12,000, and the state bank examiner had objected to this loan and ordered that it be charged off and other securities substituted for it. Thereupon, B. J. Tierney, Frank Baker, Grover A. Holeman, and A. C. Van Horn, who constituted the board of directors of the bank, borrowed the money from one Studley, giving their individual notes therefor, and took up the Welch indebtedness. When the Studley notes came due in July, 1921, the four parties named borrowed the sum of $15,000 from the Farmers State Bank of Pawnee City, plaintiff, giving their joint notes therefor. These notes were twice renewed for the sum of $13,000, $2,000 having been paid in March, 1922.

During the period of these transactions A. C. Van Horn was cashier of the Ansley bank and the holder of $8,200 of its stock, and his father, H. C. Van Horn, was president of the plaintiff bank. Some time prior to November, 1922, the Ansley bank was in a failing condition, and it was arranged between H. C. Van Horn, president of the Pawnee City bank, and Holeman, vice-president of the Ansley bank, that Holeman should purchase the stock of A. C. Van Horn at par, and the latter should sever his connection with the bank, returning to that of his father at Pawnee City; and it was a part of this arrangement that the liability of A. C. Van Horn upon the notes to the Pawnee bank, A. C. Van Horn being no longer a stockholder in the Ansley bank, should cease. This arrangement was carried out, Holeman giving his note to H. C. Van Horn for $8,200. Thereafter, upon the recommendation of H. C. Van Horn, Fred Allen, who had been an employee of the Pawnee bank, was employed by the Ansley bank as cashier, Holeman transferring to him ten shares of the stock purchased from A. C. Van Horn.

When the three notes held by the Pawnee bank came due, they were forwarded to the Ansley bank for collection or renewal, and Allen presented three renewal notes to defendant Baker for signature November 20, 1922. Baker signed them with the understanding and condition that Allen was to procure the signatures of the other makers, which he agreed to do. This transaction took place at Baker's farm about eight miles out of Ansley. The renewed notes were not presented and there is no doubt that Baker understood that the three other parties were to sign the renewals. These notes were again renewed in April, 1923, and finally November 5, 1923, under substantially the same circumstances and conditions. The last three renewals, however, were signed only by Baker, Holeman, and Tierney, the name of A. C. Van Horn being omitted in accordance with the agreement between H. C. Van Horn and Holeman above mentioned. Baker, though president of the Ansley bank, took no active part in its management, had no knowledge of the agreement just mentioned, and did not know that A. C. Van Horn had not signed the renewal notes last mentioned, but had been released from liability on said debt, until some time after the renewals of November 5, 1923, had been executed. The renewed notes were kept in a pouch in the Ansley bank, but it does not appear that Baker ever saw them.

Defendant Baker presents two defenses: (1) That he signed the notes in question upon condition that the other three parties should sign the same with him, and that the delivery of the notes without the signature of A. C. Van Horn was unauthorized; (2) that the release by plaintiff bank, acting through its president, of A. C. Van Horn, one of the joint debtors, released the defendant.

We think both of these defenses are valid and that they are fully established by the evidence. It is contended by the plaintiff that Allen was the agent of defendant Baker for the purpose of securing the signatures of the other makers on the note, but we are of the opinion that Allen was the agent of the Ansley bank and the Pawnee bank for the

purpose of obtaining the renewals in question, and that notice to him of the condition upon which Baker signed was notice to the plaintiff. The case of *Brumback v. German Nat. Bank,* 46 Neb. 540, cited by plaintiff, is not in point, as we hold in this case that plaintiff must be charged with notice of the condition.

In *Huber Mfg. Co., v. Silvers,* 85 Neb. 760, it was held: "The unconditional release of one of several makers of a joint and several promissory note, without the consent of the other makers thereof, operates as a release of all."

We conclude that the judgment of the district court as to appellee Frank Baker is correct, and the same is

AFFIRMED.