Argued at Pendleton October 30, affirmed November 27, 1928.

## THE FIRST NATIONAL BANK OF PRINEVILLE v. E. P. CONROY ET AL.

(272 Pac. 271.)

For appellant there was a brief and oral argument by *Mr. M. E. Brink.*

For respondents C. S. Worrell, Claude Mallery, F. T. Redmond and Dick Phillips, there was a brief over the name of *Mr. Max A. Cunning*, with an oral argument by *Mr. George H. Brewster.*

For respondent C. A. Esgate there was a brief and oral argument by *Mr. H. H. DeArmond.*

For respondent A. S. Holmes there was a brief over the names of *Mr. Denton G. Burdick* and *Mr. N. A. Burdick.*

BELT, J.—This is an action upon what purports to be a joint and several promissory note. The facts

are: The defendant E. P. Conroy, who was the owner and operator of a creamery at Redmond, Oregon, applied to the First National Bank of Prineville, plaintiff herein, for a loan of $5,000 to be used in financing such business. The bank advised Conroy that it would loan him this amount if he would obtain on a note with him the signatures of ten responsible parties. Pursuant to this understanding Conroy prepared the following instrument, which was signed by one Peter Marnach and all of the defendants with the exception of defendant Conroy:

"With the understanding that there will be ten responsible signers I hereby agree to be one of the ten to sign a note with E. P. Conroy at the First National Bank of Prineville, for ($5000.00) five thousand dollars the loan to be for the period of one year the money to be used to finance the operation of Conroys Independent Creamery at Redmond, Oregon. E. P. Conroy agrees, for the protection of the ten signers to deposit in escrow at the First National Bank at Prineville, an agreement to turn over to the signers (in case of his inability to pay the note) all of his equity in machinery, refrigeration, equipment of all kinds, supplies, brands, trademarks and rights to business, that he now has or that he may acquire during the ensuing year." ·

After obtaining the signatures of the parties to the above agreement it was submitted to the bank for its approval. A note dated October 7, 1926, was thereupon prepared by the bank in its favor for $5,000. It had a sufficient number of blank spaces for the signatures of Conroy and those who had signed the above agreement. After obtaining the signatures to this note of all parties to the agreement with the exception of Marnach, the note and

the agreement were presented by Conroy to the bank and the loan was consummated.

It is the contention of the defendants who signed this note as accommodation makers that they did so upon the condition, of which the bank had knowledge, that it would not be delivered until all of the ten persons who had subscribed to the above agreement had signed it and that, since Marnach had failed and refused to sign the note, there was a failure to comply with the terms of the agreement. It is admitted by Mr. Baldwin, president of the bank, who prepared the note and negotiated the loan, that he had knowledge of the agreement as alleged by defendants.

At the conclusion of the taking of testimony both parties moved for a directed verdict. The court made findings and entered judgment dismissing plaintiff's action. Judgment by default was taken against some of the defendants, among whom was Conroy. Plaintiff appeals.

■ It is well settled in this jurisdiction that when both parties move for a directed verdict there is a waiver of trial by jury and the findings of the court upon questions of fact are conclusive. They are equivalent to the verdict of a jury: *Wiedeman* v. *Campbell,* 108 Or. 55 (215 Pac. 885), and cases therein cited. However, in the instant case there was no material issue of fact for the court to determine. It remained only for it to declare the law of the case.

■ From the undisputed testimony it is clear that Conroy had no authority from his comakers to deliver this note to the bank. Under the terms of the written agreement it was a condition precedent to the delivery of the note that there must be obtained

the signatures of ten persons in addition to that of Conroy. We think the instrument is susceptible of no other reasonable construction. We cannot agree with the contention of plaintiff that there was a performance of the agreement. It will be remembered that Marnach did not sign the note. When Conroy presented this note to the bank it was accepted with knowledge that he had exceeded his authority. It follows, as a consequence, that there can be no recovery by the bank as against the accommodation makers. The rule is thus stated in 8 C. J. 207:

" * * where a bill or note is signed by one or more persons and then given to another to be delivered only on the obtaining of the signature of an additional person or persons, as a comaker, indorser, or surety, the person to whom the bill or note is delivered for such purpose is regarded as the agent for the person or persons who signed conditionally; and hence the payee or a transferee may enforce the bill or note against the person or persons who signed conditionally, where he had no knowledge of the condition at the time the bill or note was delivered or transferred to him, although the additional signatures were not obtained. But if the payee or the transferee takes with knowledge of such an agreement, he cannot recover where the condition has not been performed, unless the person sued is liable as the principal debtor and would have no right to contribution or to a recovery over against the persons not signing."

In support of the rule stated see *American National Bank* v. *Kerley*, 109 Or. 155 (220 Pac. 116, 32 A. L. R. 262); *Brumback* v. *German National Bank*, 46 Neb. 540 (65 N. W. 198); *Robertson* v. *Virginia National Bank*, 135 Va. 166 (115 S. E. 536); *Halliburton* v.

*Cannon*, 160 Ark. 428 (254 S. W. 687); *Fischer* v. *Hammons* (Ariz.), 259 Pac. 676; *The Passumpsic Bank* v. *Goss*, 31 Vt. 315; *Merriam* v. *Rockwood*, 47 N. H. 81; *Farmers' State Bank of Pawnee City* v. *Baker* (Neb.), 219 N. W. 580.

■ That the agreement was inadmissible in that it varied or altered the terms of the note is untenable. This evidence tended to show the invalidity of the note: *Robertson* v. *Virginia National Bank, supra*. The note could have no effect without delivery and there could be no delivery without performance of the agreement.

■■ We think no error was committed in rejecting plaintiff's offer of a letter written by Mr. Brewster, of counsel for defendants, relative to a payment of $2,073.93 made on the note May 3, 1927. In view of the admission under the pleadings that such payment had been made, this evidence was not material. It is not claimed in the pleadings or elsewhere that this payment constituted a ratification of an unauthorized act. Furthermore there was no evidence that, at the time the letter was written, the writer was agent of the defendants. A declaration by one who purports to act as agent does not establish agency.

The judgment of the lower court is affirmed.

AFFIRMED.

RAND, C. J., and BEAN and BROWN, JJ., concur.