Argued March 28, affirmed April 23, rehearing denied July 2, 1929.

# H. KOHANEK *v.* RUDIE WILHELM WARE-HOUSE CO.

(276 Pac. 693.)

644

For appellant there was a brief over the name of *Messrs. Collier, Collier & Bernard,* with an oral argument by *Mr. Henry Collier:*

For respondent there was a brief and oral argument by *Mr. G. G. Smith.*

BROWN, J.— ■ The requested instruction reads:

"I instruct you that the laws of the road laid down by the legislature provide:

" 'The driver of a vehicle shall not drive to the left side of the center line of a highway in overtaking and passing another vehicle proceeding in the same direction, unless such left side is clearly visible and is free from oncoming traffic for a sufficient distance

ahead to permit such overtaking and passing to be made in safety.'

"And if you believe in this case that the plaintiff was traveling behind a motor vehicle and attempted to pass the same, and that in attempting to pass it is (was) necessary for him to drive to the left of the center of Larrabee Street, and at said time there was an oncoming street car within such close proximity as to prevent his truck from passing the preceding truck in safety, and by reason of him so attempting to pass said preceding truck he came into collision with the street car which was in such close proximity so that he could not pass in safety, then you are instructed that he was guilty of negligence *per se,* and if such negligence was the cause of the collision and his resulting injuries, if you find he did receive any injuries, then the plaintiff cannot recover and your verdict should be for the defendant."

This instruction is abstract. It would imply that the plaintiff drove his truck to the left of the center of Larrabee Street at a time when there was an oncoming street-car within such close proximity as to prevent his passing the preceding truck in safety. Moreover, the court did charge the jury that if the plaintiff contributed to his own injury "by driving his truck on the left-hand side of the center of Larrabee Street," as charged by the defendant, he could not recover. A careful reading of the proposed instruction clearly shows that it was not a proper one. Such an instruction would authorize a jury to speculate in determining the issues in any given case. It would direct the jurors to decide their case not upon the facts established by proof, but upon their "belief."

A case wherein a like situation is presented is the case of *Rugenstein* v. *Ottenheimer,* 70 Or. 600 (140 Pac. 747); and our court, in deciding the issue, announced the doctrine that jurors are not to base their

verdict upon belief, surmise or speculation, but that the verdict must be the result of a careful consideration and comparison of all the evidence in the case. We adhere to this doctrine. See, also, 3 Brickwood Sackett, Instructions, p. 3084, note 7; 1 Randall's Instructions to Juries, p. 685, § 377.

 The second point relied upon by the defendant is in the nature of an alibi. At the conclusion of the testimony in the case, the defendant moved for a directed verdict, upon the ground that the plaintiff had failed to identify the defendant's truck. The court denied the motion, and, we think, properly so. There is much testimony in the record from which the jury had a right to infer that the defendant's truck was the truck involved in the accident. Dallas Whittle, one of defendant's truck drivers, denies that he was the operator of the truck that indirectly caused the accident. He admits, however, that he was at the scene of the accident within a short time thereafter. The accident happened at 9:38 A. M., August 3, 1927. First testifying in that regard, he says that he was in the neighborhood of the accident about 9:45 A. M. on that day. Later on, he puts the time at about 10:15 A. M. But the record shows that defendant's truck driver was operating a tractor truck and was hauling pipe of different sizes on the morning in question. Whittle says that he was loaded with about 6 tons of pipe at the Luckenbach Steamship dock at about 9:00 A. M., and that in the front end of his truck he carried barrels. A number of plaintiff's witnesses identified the truck involved in the collision as a truck loaded with pipe and boxes, and some stated that it was loaded with bundles of steel and boxes or barrels. At all events, after a careful perusal of the evidence,

we are satisfied that the court did not err when it denied the defendant's motion for a directed verdict. A trial court will direct a verdict only when there is a complete absence of proof on some essential issue, or when there is no conflict in the testimony and it is susceptible of only one construction. Where there is a dispute as to the facts, or where reasonable minds might draw different inferences, the question should be submitted to the jury: *Saylor* v. *Enterprise Electric Co.*, 110 Or. 231 (222 Pac. 304, 223 Pac. 725). See, also, 1 Randall's Instructions to Juries, p. 191, § 104.

This case is affirmed.

AFFIRMED. REHEARING DENIED.

COSHOW, C. J., and BEAN and BELT, JJ., concur.