Argued April 17; affirmed June 11, 1946

# LAWRENCE *v.* GLADITSCH
### (169 P. (2d) 877)

DAVID R. VANDENBERG, Judge.

*A. C. Yaden,* of Klamath Falls (with L. Orth Sisemore, of Klamath Falls on brief), for appellant.

*U. S. Balentine* and *Henry E. Perkins,* of Klamath Falls, for respondent.

BELT, C. J.

This is an action to recover damages for personal injuries sustained while repairing a boom on a truck equipped to lift or move heavy objects or structures. At the conclusion of the evidence, both parties moved for a directed verdict. The court thereupon dismissed the jury and rendered judgment for the plaintiff in the sum of $4800. Defendant appeals.

██ The parties having thus waived a jury, the findings of the circuit court are conclusive on appeal if there is any substantial evidence to support them. *Blakeley v. First National Bank,* 151 Or. 655, 51 P. (2d) 1034, and cases cited therein. Also see note 108 A. L. R. 1323. The statement of the case therefore will be made in the light most favorable to the plaintiff. In view of the record, we cannot be concerned with questions arising out of a conflict of the evidence.

Defendant owned and operated a large truck equipped with a winch, hoisting cables, pulley block and a boom, and used to move heavy objects. The cable extended over the top of an ''A'' frame of the truck and down to a pulley block 3 feet from the end of the boom. Plaintiff was employed to aid the defendant in

making an extension of the boom. The original boom was a hollow metal pipe, 9 inches in diameter, 39 feet and 10 inches long, and weighed approximately 1 ton. The extension was a similar pipe, 8 inches in diameter, 14 feet and 8 inches long, and weighed about 500 pounds. A smaller truck similarly equipped was used to hoist the extension boom in a horizontal position about 4 feet above the ground so that it could be inserted or attached to the main boom. A stick 6″ by 6″ and 4 feet long was placed under the boom to hold it in place while the boom was being extended. The hoist cable on the large truck was attached to the boom, but it was not kept taut. According to the testimony of the plaintiff, the defendant leaned against the boom and caused it to fall and crush his leg. Plaintiff thus described how the accident occurred: Defendant had gone after a bolt. When he came back "he leaned too much against the boom", and it "kicked over". Plaintiff said he "was trying to hold the boom when it came down but it was too heavy to hold * * *."

Plaintiff brought the action under the Employer's Liability Act (§§ 102-1601 to 102-1606, inclusive, O. C. L. A.). It is alleged that defendant was engaged in the business of moving with power-driven machinery heavy objects or structures and that in the course of his business was required "to extend a boom of approximately 50 feet in length, constructed of metal and of great weight." Plaintiff alleged that it would have been practicable and feasible, without impairing the efficiency of the operation, "to have provided cribs to support the boom, but that defendant failed to do so." It is also charged that defendant was engaged in a dangerous and hazardous business.

We think the Employer's Liability Act applies as defendant was engaged in the operation of power-

driven machinery, and it was his duty to "use every device, care and precaution" practicable to be used for the "protection and safety of life and limb" when it could be done without impairing the efficiency of the operation. If the hoist cable had been properly attached to the boom and no slack had been permitted, it is clear that the boom would not have fallen to the ground. There is also evidence tending to show that it was practicable to have used "cribs" for the support of the boom. Defendant while extending the boom was engaged in a dangerous and hazardous business as much so as if he were actually hoisting or moving by power-driven machinery some heavy object or structure. *Malloy v. Marshall-Wells Hardware Co.*, 90 Or. 303, 173 P. 267, 175 P. 659, 176 P. 589; *Jodoin v. Luckenbach S. S. Co., Inc.*, 125 Or. 634, 268 P. 51. Certainly plaintiff was engaged in a work involving a risk or danger within the meaning of the Act.

It is significant that defendant never contended during the course of the trial that the Employer's Liability Act was inapplicable. That point was raised for the first time in objections to the findings of the trial court. The sole ground of the motion for a directed verdict was that there was no relationship of employer and employee.

■ The real controversy in the circuit court was over the question of employment. Defendant contended that plaintiff was never employed by him but was on the premises "without invitation or license". The court, however, found against the defendant on this issue, and there is ample evidence to support such finding.

■ We are unable to say as a matter of law that plaintiff was guilty of contributory negligence. At any rate, that is not a complete defense under the Act, but

may be taken into consideration in fixing the amount of damages. § 102-1606, O. C. L. A.

■ Plaintiff unquestionably sustained a severe injury to his leg. There is evidence that it was permanently injured and "will never be as good as the other." The compensation awarded is indeed reasonable, and we see no merit in the assignment of error relative thereto.

Judgment is affirmed.