Argued May 5; affirmed June 3, 1947

## McMILLAN *v.* KIK

(181 P. (2d) 128)

*W. C. Perry,* of Pendleton, (Randall & Perry on brief) for appellant.

*John F. Kilkenny,* of Pendleton, (Raley, Kilkenny & Raley on brief) for respondent.

Before Rossman, Chief Justice, and Lusk, Belt, Hay and Winslow, Justices.

BELT, J.

This is an action to recover damages for personal injuries sustained by plaintiff when struck by an automobile while it was being put on a hoist in a gasoline service station at Hermiston, Oregon. At the conclusion of taking evidence, both parties moved for a directed verdict. The jury having thus been waived, the court dismissed it from further service and entered judgment in favor of the plaintiff in the sum of $6500. Defendant appeals.

██ The defendant based his motion for a directed verdict upon the grounds (1) that there is no evidence tending to show negligence on the part of the defendant, and (2) that plaintiff is guilty of contributory negligence as a matter of law. It is well settled that when a record has thus been challenged in law actions, the findings of fact of the court are equivalent to the verdict of a jury. In such cases, the plaintiff is entitled to the benefit of every reasonable intendment of the evidence, and the sole question on appeal is whether there is any substantial evidence to support the judgment. The statement of facts will therefore be made in the light most favorable to the plaintiff.

The plaintiff was employed by the Farm Bureau Cooperative Service Station, as a greaser. It was his duty to grease automobiles, after they were put on the hoist. He also took care of the sale of gasoline and oil. He was not a mechanic. The grease room, which was about 30 feet square, was separate from the garage where mechanical work was done although in the same building. Defendant took his car first to the garage to have the starter fixed and the brakes adjusted. Spencer, a mechanic, fixed the starter and then called to the plaintiff in the grease room to see if the hoist was

available, as it was more convenient to work on the car when placed on the hoist. Plaintiff told Spencer to "bring it on". Thereupon, defendant backed the car out into the street and then drove it forward upon the hoist at a speed of five to ten miles per hour, and at a time when the brakes were known by him to be in a very defective condition. The foot pedal could be pushed "clear to the floor" without taking effect. He had no emergency brake whatever. The plaintiff, who had no knowledge about the defective condition of the brakes or for what purpose the car was being put on the hoist, stood at the end of the hoist and endeavored to see that the car wheels went on straight. Defendant had no control over the car and was unable to stop it. It came off the hoist and the bumper crushed plaintiff against the wall, permanently injuring both of his legs.

Plaintiff, when asked why he did not step to right or left and thereby get out of the way of the automobile, answered:

"Well, when directing a car on the hoist, you stand two feet from the wall, the back wall of the garage * * * and you usually direct a car on the hoist with your hands. You stand there and motion. If you want him to go to the right, you use motions with your right hand; and motion with your left hand if you want him to go to the left and usually I watch the wheels to see he gets on the hoist straight. * * * I never tried to get out from in front of the hoist for the simple reason I had no idea the car couldn't stop and when I did realize it, it was too late and I was pinned against the wall."

Certainly, there is ample evidence tending to show negligence of the defendant and we are unable to say, as a matter of law, that the plaintiff failed to exercise the degree of care for his own safety that

an ordinarily prudent and careful person would have exercised under the same facts and circumstances. In the absence of knowledge to the contrary, we think the plaintiff had the right to assume that the defendant would have been able to stop the car on the hoist. The principles of law involved are so well settled that citation of authority is deemed unnecessary.

Judgment is affirmed.