Argued October 4, affirmed October 19, 1960

# MASER *v.* KLEIN
356 P. 2d 151

*Ray G. Brown,* Portland, argued the cause and filed briefs for appellant.

*Walter J. Cosgrave,* Portland, argued the cause for respondent. With him on the brief were Maguire, Shields, Morrison, Bailey & Kester, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, GOODWIN and KING, Justices.

KING, J. (Pro Tempore)

This is an action for personal injuries suffered by the plaintiff when struck by defendant's automobile while plaintiff was in a marked crosswalk at Third and Burnside streets in Portland, Oregon.

Both parties moved for a directed verdict. The court rendered judgment for the defendant, and plaintiff brings this appeal.

At about 5:45 p. m. on November 13, 1958, the plaintiff was walking westerly along the south side of West Burnside street at its intersection with S. W. Third avenue.

At that crossing there is a pedestrian lane about 10 feet wide and extending some 75 or 76 feet to the west side of Third street. A small safety island is located in the center of the street. Pedestrian lights in position on each side of Third street flash "Walk" and "Wait" signals. There are also red and green lights to control vehicular traffic at the intersection of Third and Burnside streets.

Burnside street carries two-way traffic at that point. The west-bound traffic used the north side of Burnside street and the east-bound traffic, the south side. Third avenue is a one-way street at this location, all the traffic moving south.

Traffic proceeding west on Burnside street and intending to turn south on Third avenue is directed into the left turn lane immediately north of the center line of Burnside, and in addition to the stop lights, is governed and controlled by a green arrow. Vehicles are allowed to proceed on their left turn only on the green arrow. This arrow showed green for a period of 23.1 seconds on each cycle at the time of the accident.

It was dark and raining when the accident happened, but the intersection was well lighted.

The defendant, with his wife, was driving west on Burnside and intended to turn left onto Third avenue. There were three cars ahead of them at the stop sign,

waiting for the green arrow to come on. When the defendant made his left turn from Burnside into the easterly half of Third avenue, he struck the plaintiff, who was in the pedestrian lane some three or four steps from the left curb of Third avenue. Street markers directed traffic making the left turn from Burnside into the east half of Third avenue, it being a one-way street.

After both parties had moved for a directed verdict, the court specifically called their attention to the effects of their motion as follows:

"THE COURT: You know what you are doing when you make this motion, don't you?

"MR. BROWN: I do.

"THE COURT: You are submitting this to the court now.

"MR. BROWN: I do, your Honor. I am submitting this to the Court."

The trial court found that the plaintiff was guilty of contributory negligence and entered judgment for the defendant.

■ The real question in this case is whether there is substantial evidence to support such a finding and judgment.

This court, speaking through Mr. Justice LUSK, in *Conger v. Eugene Plywood Co. et al.,* 184 Or 649, 654, 200 P2d 936, said:

"Since each of the parties moved for a directed verdict, the only question for this court under these assignments of error is whether there is substantial evidence to support the Circuit Court's findings. If the evidence is conflicting on material issues then the findings of the trial judge are conclusive here."

*First Nat. Bank v. Bach,* 98 Or 332, 335, 193 P 1041; *Jaloff v. United Auto Indemnity Exch.,* 120 Or 381, 394, 250 P 717; *Port of Nehalem v. Nicholson,* 122 Or 523, 525, 259 P 900; *Munly v. Jones,* 130 Or 252, 255, 279 P 630.

It will be noted that the defendant pleaded in his answer that the plaintiff was careless, reckless and negligent in the following particulars:

"(a) In proceeding across the intersection against the wait signal;

"(b) In failing to yield the right of way;

"(c) In failing to keep a proper lookout;

"(d) In moving from a place of safety directly into the path of the automobile operated by defendant."

■ Contributory negligence, briefly stated, is any negligence alleged against the plaintiff which contributes as a proximate cause of the accident. It is not necessarily the sole cause, but only a proximate contributing cause. If it contributes in any degree as the proximate cause of the accident and injuries, that is sufficient to bar recovery on the part of the plaintiff. *Leap v. Royce et al.,* 203 Or 566, 279 P2d 887.

■ We now consider the above-quoted allegation (a) of negligence against the plaintiff.

Mr. Maser, the plaintiff, testified that the "Walk" light came on before he stepped off the curb.

Mr. Hartford, a police officer in the traffic division of the city of Portland, who investigated the accident, testified that Mr. Maser, at the emergency hospital at the police station, stated to him in describing the accident:

"He was west on Burnside and thought he had

a green light. Was not sure if it was green, red, or walk or wait."

This statement was written down by the officer at the time as a part of his report. He was not asked directly regarding the statement on cross-examination.

Mr. Simmons, another police officer in the traffic division, testified he helped investigate and prepare the report.

The plaintiff was recalled on rebuttal, but was not asked and did not deny that he made the above statement ascribed to him.

We are not unmindful of the rule that an alleged verbal statement must be viewed with caution. After so viewing it, the trial judge could give it what, if any, weight he felt it was entitled to. He was in a position to observe, view and hear the witnesses and more correctly to evaluate their testimony.

If the plaintiff started to cross while the "Wait" signal was still on, and that was one of the questions of fact for the trial judge to determine, that act could have been considered in determining whether he was negligent as alleged in each of the particulars in the affirmative answer.

On the question of "lookout," there was considerable testimony offered, especially by the plaintiff. It is not necessary to quote it here. Suffice it to say that again it was for the trial court to determine that issue and to determine whether it sustained or helped to sustain the claim of contributory negligence. "Lookout" and "due care" should be considered by the court, giving consideration to the evidence as applied to the specific statutes in effect regarding crosswalk lights (ORS 483.130(5), 483.134(1)) and other traffic regulations.

This rule, which we think applies also to "lookout," is well set forth by Mr. Justice Tooze as follows:

"We have repeatedly held that a right of way is not absolute, and that having the right of way does not relieve one from the duty of using due care in the exercise of such right. This rule applies to both pedestrians and motor vehicle operators." *Senkirik v. Royce et al.*, 192 Or 583, 600, 235 P2d 886.

We agree with plaintiff's contention that the evidence submitted of the smell of liquor on the plaintiff, of his slurred speech, and his own admission of drinking a part of glass of wine was not sufficient, if believed, to prove contributory negligence on the part of the plaintiff, but there is no indication whatever that the trial court so held. The question of drinking was first brought into the case by the plaintiff himself on his direct examination.

We hold that substantial evidence was presented on the question of contributory negligence of the plaintiff. It is not for this court to determine the weight of the evidence. The trial court was acting as a jury in that respect, and its decision in that regard is final.

Under this view of the case the defendant's negligence, if any, would have no effect on the outcome of the case, as comparative negligence is not recognized in this state in this type of case.

■ Plaintiff made considerable argument in his briefs and before this court on the claim that a judgment cannot be based on evidence which is opposed to established physical facts or contrary to human experience. This claim of plaintiff is advanced on the theory that defendant did not have time, at his rate of speed, to move from his position of fourth car back at the

stop sign through the intersection of approximately 150 feet in the 23.1 seconds that the green arrow was on.

There are several fallacies to this argument. First it is assumed that because the estimated speed on the turn was five miles per hour that it was the same the entire distance. Also an arbitrary starting and reaction time was assumed for the four cars in the lineup. This, of course, could vary, or they all could have started at once, each moving out of the other's way simultaneously. The value of the theory is lost when it is based on estimates and assumptions. *Van Zandt v. Goodman et al.,* 181 Or 80, 179 P2d 724; *Oregon Motor Stages v. Portland Traction Co.,* 198 Or 16, 255 P2d 558; *Hecht v. James,* 218 Or 463, 345 P2d 243.

■ The plaintiff, under the argument in his brief, but not under his assignments of error, questions the sufficiency of the findings of fact made by the trial court. This question was not raised at all in the trial court and is not properly raised here. No findings were submitted or requested by the plaintiff to the trial court and no objections made. We believe the trial court did make a sufficient general finding of contributory negligence. But even if he didn't, it would be merely a matter of resubmitting it to the trial court for corrected findings and judgment. It would not change the final outcome of the case.

■ We believe that the proper course when both parties move for a directed verdict is for the judge to dismiss the jury and then himself make or adopt either general or special findings, conclusions and decree, as if he were trying the case without a jury. It was not

reversible error for the circuit judge in this case to direct the jury to sign a verdict for the defendant, after he had decided that contributory negligence was proved, and he later signed a judgment order reciting those facts, especially when no exceptions were taken and no findings offered. It was merely an unnecessary action or surplusage at the most.

Affirmed.