Argued January 19, affirmed March 8, 1961

# RICHARDSON *v.* DOHERTY MOTOR COMPANY

359 P. 2d 1104

*Carrell F. Bradley,* Hillsboro, argued the cause and filed a brief for appellant.

*Roland F. Banks, Jr.,* Portland, argued the cause for respondent. With him on the brief were Gordon Moore and Mautz, Souther, Spaulding, Kinsey & Williamson, Portland.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Lusk, Justices.

SLOAN, J.

Plaintiff brought this action against defendant, his former employer, to recover commissions for the sale of automobiles. The particular sales occurred after plaintiff's employment with defendant terminated. He alleged the sales resulted from his efforts during the term of his employment by defendant. The case was tried to a jury. When the parties rested both of them moved for a directed verdict. The court directed a verdict for plaintiff. Later, on motion, the court awarded a judgment n.o.v. in favor of defendant. Plaintiff appeals. The issue is primarily factual.

While he was employed by defendant, plaintiff learned that an eastern concern, Peterson, Howell & Heather, bought and leased a large number of automobiles to business organizations doing business in Oregon. For instance, Swift and Company, for one, leased automobiles from Peterson, Howell & Heather for use by its employees in Oregon. Plaintiff con-

ceived the idea of selling the cars to the lessor company. With the advice and consent of his employer plaintiff opened negotiations with Peterson, Howell & Heather which eventually culminated in a contract between that firm and defendant. Both plaintiff and the managing officer of defendant participated in the negotiations. The contract, not in evidence, apparently obligated the leasing company to purchase an undetermined number of automobiles from defendant. The contract was renewable each year. It appears that the price to be paid per car was below established retail price. When the contract was entered into neither defendant nor plaintiff knew how many cars would be sold to the leasing company nor how much profit would be made on each sale. Accordingly, plaintiff and defendant at that time did not agree as to the commission plaintiff would receive on the sales that would result from the contract.

Later, however, plaintiff and defendant did agree that plaintiff should receive a commission of $25.00 on each car sold to Peterson, Howell & Heather. The agreement was evidenced by a letter memorandum which read:

> "This is to confirm the commission arrangement between yourself and Doherty Motor Company with reference to deliveries of automobiles for the account of Peterson, Howell & Heather.
>
> "Your commission will be $25.00 per unit, payable at the end of the month in which deliveries are made."

This memorandum made no provision with respect to its termination as and when plaintiff's employment terminated. This provides the issue in the case.

This arrangement continued for about four years when plaintiff and defendant parted company. De-

fendant thereafter refused to pay the commissions on the cars sold after the employment terminated so plaintiff filed this action.

■ The trial court correctly ruled that if the evidence disclosed that plaintiff had a continuing obligation to service the account and perform any duties that might arise, he could not recover. But if plaintiff had performed all of his obligations when the first contract was entered into between defendant and Peterson, Howell & Heather, then plaintiff could recover. *Flaherty v. Bookhultz et al*, 1956, 207 Or 462, 480, 291 P2d 221, 297 P2d 856; *Home News, Inc. v. Goodman*, 1943, 182 Md 585, 597, 35 A2d 442; 1 Mechem, Agency, (2d ed, 1914) § 1532; Restatement, Agency (2d ed, 1958) § 445. No issue was made that either party wrongfully terminated the employment. The trial court's ultimate finding was that plaintiff had been obligated to perform additional services in addition to the original solicitation of the business.

■■ The rule is: When both plaintiff and defendant move for a directed verdict the trial court's decision will not be upset if there is evidence to support it. *Conger v. Eugene Plywood Co. et al*, 1948, 184 Or 649, 200 P2d 936. "If the evidence is conflicting on material issues then the findings of the trial judge are conclusive here." 184 Or at 654.

The procedure followed in this case was unusual. Accordingly, we must examine the record to see at what stage of the proceedings we should accept the trial court's findings—when he directed the verdict for plaintiff or entered judgment n.o.v. for defendant.

The record discloses that the problem is not difficult. When the trial court was confronted with the

mutual motions for a directed verdict he explained his uncertainty as to what the evidence established and stated:

"* * * I still have an open mind on this question, and if you want to move for a Judgment Notwithstanding the Verdict, which you'd have a right to do, and I'll anticipate that you will, then at the same time you do that, you submit a brief to me and I'll extend the opportunity—write to the plaintiff to submit their brief, and then I'll exhaustively study this question; but I have got to get the case in the posture now where I can do something with the jury. I'll either have to have them bring in a verdict for the plaintiff or the defendant and I choose to do it in favor of the plaintiff."

■ We note here that when both parties move for a directed verdict the correct procedure is for the court to discharge the jury and decide the case. *Hudelson v. Sanders-Swafford Co.*, 1924, 111 Or 600, 227 P. 310. It was not necessary to direct the jury to return a verdict.

In his memorandum deciding the invited motion for judgment n.o.v. the court said that he had examined the transcript and concluded that:

"* * * The evidence indicates that at the time the parties arrived at their agreement for the plaintiff's compensation, it was expected and understood that the plaintiff would perform certain incidental services in connection with the delivery of the automobiles and the servicing of the account. While it is true that in practice the account with Peterson, Howell & Heather came to be handled as a matter of routine by the defendant's office staff and the plaintiff was not required to do much of anything in connection with the account or with the delivery of the cars, nevertheless his obligation to do so was never terminated."

■ The only testimony presented was that of plaintiff and defendant's managing officer. Plaintiff, of course, bore the burden of proof. The testimony was conflicting in part. It was necessary to weigh the evidence and, to a definite extent, test the credibility of the two witnesses. There was evidence from which the court could have found a custom or usage in the trade that affected the rights of the parties. The trial court resolved these questions in favor of defendant. His initial decision was admittedly uncertain and largely expedient. We think his ultimate conclusion is the only one in which he weighed the evidence. We are bound by his determination. *Munly v. Jones,* 1929, 130 Or 252, 255, 279 P 630. The judgment is affirmed.