Argued January 5, affirmed January 19, petition for rehearing
denied February 23, 1966

## BUNCH *v.* DAVIDSON ET AL
### 409 P. 2d 910

*Darrel L. Johnson,* Portland, argued the cause for appellants. With him on the briefs were Pendergrass, Spackman, Bullivant & Wright, Chas. R. Spackman and Ronald E. Bailey, Portland.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Pozzi, Levin & Wilson, and Mize, Kriesien, Fewless & Cheney, Portland.

Before McAllister, Chief Justice, and Perry,

SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

## SLOAN, J.

This was an action for personal injuries plaintiff suffered when defendants' truck was driven into an intersection against a red light and collided with plaintiff's vehicle. At the conclusion of plaintiff's evidence, defendants moved for an involuntary nonsuit, which was denied. When both parties had rested defendant then moved for a directed verdict. Plaintiff also moved for a directed verdict. The trial court found for plaintiff. After the court had ruled defendants moved to withdraw the motion for a directed verdict, and this was denied. The court submitted the question of damages to the jury. The court adopted the jury award as its own. Defendants appeal from the judgment entered.

■ The rule that mutual motions for a directed verdict waives the jury and puts the case to the court is more than horn book law in Oregon. Defendants acknowledge that it has been followed in more than 25 cases since first applied in *Patty v. Salem Flouring Mills Co.,* 1909, 53 Or 350, 96 P 1106, 98 P 521, 100 P 298.

■ As recently as *Richardson v. Doherty Motor Co.,* 1961, 226 Or 344, 348, 359 P2d 1104, we reiterated the rule that upon the joined motions the court should decide the case. Other cases like *Blakeley v. First National Bank,* 1935, 151 Or 655, 51 P2d 1034, authorize the procedure followed by the court here in submitting the question of damages to the jury. Defendants present no compelling reason to overrule this long established rule of practice. Neither is there any support for defendants' claim that the court abused its discre-

tion when the motion to withdraw was denied. 64 ALR2d 519-520.

None of the other assignments of claimed error warrant mention.

Judgment affirmed.