Argued July 6, reversed and remanded September 28,
petition for rehearing denied November 9, 1966

# GODELL *v.* JOHNSON

### 418 P. 2d 505

*Sidney E. Thwing,* Eugene, and *John C. Beatty, Jr.,* Portland, argued the cause for appellant. With them on the briefs were William C. Martin and Frederick T. Smith and Dusenbery, Martin, Beatty, Parks & Templeton, Portland, and Thwing, Ferris, Atherly & Butler, Eugene.

*Philip A. Levin,* Portland, argued the cause for respondent. With him on the brief were Gerald D. Gilbert, Eugene, and Pozzi, Levin & Wilson, Portland.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries. Defendant appeals from a judgment for plaintiff.

Plaintiff was injured while working in defendant's sawmill. He brought this action to recover damages for injuries allegedly resulting from a violation of the Employers' Liability Law and the Basic Safety Code. Defendant denied negligence and alleged that plaintiff was contributorily negligent.

The trial was held before a jury. After both parties had rested defendant moved for a directed verdict. Plaintiff "joined in the motion" and requested the court to submit the matter to the jury for an advisory verdict on contributory negligence and on the amount of damages. Defendant then attempted to withdraw his motion for directed verdict. The trial judge denied defendant's request to withdraw the motion and announced that he would consider the motions for directed verdicts made by each of the parties.

The court found in favor of plaintiff on the question of liability but submitted to the jury in its advisory capacity the question of damages and contributory negligence. The jury was instructed to answer special interrogatories as to the percentage of plaintiff's negligence, if any, and to compute plaintiff's damages by deducting from the amount of his total damage the percentage attributable to his contributory negligence.

The jury found that plaintiff was 20% contributorily negligent and that he was damaged in the amount of $108,048.43. The trial court disregarded the jury's finding of contributory negligence and awarded plaintiff $100,000 general damages and $8,048.43 special damages.

In numerous cases this court has held that when both parties move for directed verdicts they waive a jury trial. In at least two of these cases it is held that once the parties have made their respective motions the court is *required* to decide the questions of fact as well as the questions of law.[1] However, in

[1] Hudelson v. Sanders-Swafford Co., 111 Or 600, 607, 227 P 310, 313 (1924); Wilson & Hollenbeck v. U. S. L. & B. Co., 108 Or 641, 651, 215 P 491, 494 (1923).

some of our cases, including the most recent, we have said in effect that the trial court has discretion to determine whether the case should be submitted to the jury after such motions have been made.[2] In none of these cases have we held that a movant has the right to withdraw his motion and require the submission of the case to the jury.

In the recent case of *Bunch v. Davidson*, 242 Or 635, 409 P2d 910 (1966), we held that there was no right to withdraw a motion for a directed verdict after the opposing party had made a similar motion and the trial court had ruled on the motions. Defendant argues that the *Bunch* case is distinguishable from the present case in that in *Bunch* the request for withdrawal of the motion came after the court had ruled on both motions, whereas here defendant requested withdrawal of his motion before any ruling was made on either motion.

We need not consider the validity of this argument because, after careful study, we are of the opinion that the rule which imputes a waiver of jury trial from the mere filing of motions for directed verdicts is indefensible in any circumstance. The rule should therefore be abolished.

■ A motion for directed verdict, no matter by whom made, is designed simply to raise a question of law for the court.[3] The movant in effect asserts that the evidence adduced by the other party is not sufficient to state a claim (or a defense) and that there-

---

[2] Bunch v. Davidson, 242 Or 635, 409 P2d 910 (1966); Lawrence v. Troy, 133 Or 196, 289 P 491 (1930).

[3] Phillips v. Colfax Co., Inc., 195 Or 285, 243 P2d 276, 245 P2d 898 (1952); H. Kohanek v. Rudie Wilhelm Warehouse Co., 129 Or 642, 276 P 693 (1929).

fore there is no question for the jury to decide. The request is for a ruling on the *sufficiency* of the opposing party's evidence; it is not a request to *weigh* the evidence when there is sufficient evidence to go to the jury. It is universally conceded that this is the limited function of the motion for a directed verdict standing alone, that is, when there is no motion interposed by the opposing party. A waiver of jury trial cannot be and is not implied in such a circumstance. Nor can an implication of waiver be found in the fact that the opposing party makes a similar motion or "joins" in the original motion.[4]

The rule of implied or imputed waiver has deservedly been described as "one of the oddest items to be found among the curios of the law."[5] It has been criticized on the ground that it "exchanges reality for rule, and this apparently without useful purpose."[6]

The rule of implied waiver probably arose out of the unfortunate adoption of a similar rule applied in ancient practice when a party joined in a demurrer to the evidence. One who demurred to his opponent's evidence could not introduce his own evidence and he forfeited the right to a jury trial. The case was withdrawn from the jury for reasons that had nothing to

---

[4] See concurring opinion of Wolfe, J., in Hodges v. Smoot, 102 Utah 90, 96, 125 P2d 419, 421 (1942); "I cannot see that both sides waive a jury where plaintiff says 'there is no evidence to support my adversary's theory, the evidence is all my way,' whilst the adversary says 'there is no evidence to support the plaintiff—it shows in law that the plaintiff has no case.' The two similar motions based on completely opposite interpretations of the evidence would seem to present to the court definitely a question of whether one or the other was right and if he could not conclude that either was, that very conclusion would involve the idea of a factual question for the jury."

[5] Anno., 68 ALR2d 300 at 302 (1959).

[6] *Supra* note 5 at pp. 303-4.

do with either party's desire to waive the jury; waiver was "implied" as a matter of law.[7]

An additional reason advanced by defendant for abolishing the rule of implied waiver is that if a party wishes to raise solely the question of the sufficiency of evidence adduced by the opposing party he can do so only at the risk of having the case withdrawn from the jury. On the other hand, if a party desires to have his case submitted to the jury he must forego raising the question of the sufficiency of his opponent's evidence. This, it is contended, subjects a litigant to a choice of action resting upon no rational basis. We agree.

■ For the foregoing reasons we have concluded that the rule of implied waiver must be abolished in this state. We adopt the following rule: When each party moves for a directed verdict or when the opposing party "joins in" a motion for a directed verdict, and neither party is entitled to a directed verdict in his own right, it is the duty of the trial court to submit the cause to the jury unless both parties expressly waive jury trial or unless from circumstances other than the making or joining in the motion waiver can be implied in fact.[8]

---

[7] The development of the demurrer to the evidence and its relation to the directed verdict is explained in Smith, The Power of the Judge to Direct a Verdict: Section 457-a of The New York Civil Practice Act, 24 Colum L Rev 111 (1924). See also Note, 11 Cornell L Q 400 (1926).

[8] To the extent inconsistent with the present opinion, the following cases are overruled: Bunch v. Davidson, 82 Or Adv Sh 67, 409 P2d 910 (1966); Richardson v. Doherty Motor Co., 226 Or 344, 359 P2d 1104 (1961); Maser v. Klein, 224 Or 300, 356 P2d 151 (1960); Williams v. Corbett, 205 Or 69, 286 P2d 115 (1955); Conger v. Eugene Plywood Co., 184 Or 649, 200 P2d 936 (1948); McMillan v. Kik, 181 Or 270, 181 P2d 128 (1947); Lawrence v. Gladitsch, 179 Or 111, 169 P2d 877 (1946); Blakeley v. First National Bank, 151

(Continued on page 593)

■ We recognize that in the past the trial bench and bar have proceeded on the assumption that once a motion for directed verdict is made the movant takes the risk of having the case removed from the jury if the opposing party interposes a similar motion. The record discloses that defendant's counsel was aware of this practice as well as of the Oregon cases applying the implied waiver rule. Thus, it cannot be said that defendant, in making his motion, had reason to assume that he would have a right to a jury trial after making his motion. But this says only that defendant knew the rules of the game—it does not explain why he should be forced to play the game. The game benefits only the opposing party—plaintiff in this case—and for no reason which relates to the fair trial of a lawsuit. Defendant's motion did not place plaintiff in a disadvantageous position. When the motion was made it merely requested a ruling on the sufficiency of the evidence. It was not necessary for plaintiff to make

---

(Continued from page 592)

Or 655, 51 P2d 1034 (1935); Lawrence v. Troy, 133 Or 196, 289 P 491 (1930); Munly v. Jones, 130 Or 252, 279 P 630 (1929); First Nat. Bank of Prineville v. Conroy, 127 Or 302, 272 P 271 (1928); Olds v. Von der Hellen, 127 Or 276, 263 P 907, 270 P 497 (1928); Port of Nehalem v. Nicholson, 122 Or 523, 259 P 900 (1927); Jaloff v. United Auto Indemnity Exchange, 120 Or 381, 250 P 717 (1927); John Deere Plow Co. v. Silver Mfg. Co., 118 Or 62, 216 P 743, 245 P 1083 (1926); Phipps v. Stancliff, 118 Or 32, 245 P 508 (1926); Hudelson v. Sanders-Swafford Co., 111 Or 600, 227 P 310 (1924); Banfield v. Crispen, 111 Or 388, 226 P 235 (1924); Joseph Milling Co. v. First Bank of Joseph, 109 Or 1, 216 P 560, 29 ALR 358 (1923); Wilson & Hollenbeck v. U. S. L. & B Co., 108 Or 641, 215 P 491 (1923); Wiedeman v. Campbell, 108 Or 55, 215 P 885 (1923); Tillamook Co. Bank v. International Co., 106 Or 339, 211 P 183, 211 P 941 (1923); Fletcher v. Yates, 105 Or 680, 211 P 179 (1922); First Nat. Bank v. Bach, 98 Or 332, 193 P 1041 (1920); Rugh v. Soleim, 92 Or 329, 180 P 930 (1919); Wells v. First Nat. Bank, 80 Or 329, 157 P 145 (1916); Patty v. Salem Flouring Mills Co., 53 Or 350, 96 P 1106, modified 98 P 521, rehearing denied 100 P 298 (1909).

a similar motion and when he did his motion, viewed separately, simply raised a question of the sufficiency of defendant's defense. The submission of the case to the jury after these motions were made might well disappoint plaintiff, but he lost nothing he deserved to retain. Any disadvantage he may suffer as a result of submitting the case to the jury must be weighed against the unfairness and injustice in depriving defendant of a jury trial when he did not voluntarily waive it.

■ Plaintiff contends that even if the rule of implied waiver is abolished, the evidence on the issue of liability was so overwhelmingly clear that we should employ Art. VII (amended), § 3 of the Oregon Constitution which permits affirmance if the judgment appealed from was such as should have been rendered in the case. We do not find the evidence of liability overwhelmingly clear. We believe that the jury could have reasonably returned a verdict for defendant.

It is also contended that defendant has already had, in effect, the benefit of a jury trial because the jury, in deciding that plaintiff's negligence was 20% of the entire negligence, necessarily must have concluded that defendant's negligence was a very substantial factor in causing plaintiff's injury. We do not agree. If the jury had been entirely free to decide who was at fault, it is possible that it would have found that defendant was without fault and that plaintiff's injury resulted solely from his own negligence.

The judgment is reversed and the cause is remanded for a new trial.

McALLISTER, C. J., specially concurring.

I wish to emphasize that in *Bunch v. Davidson*, 242 Or 635, 409 P2d 910 (1966), defendant's motion to with-

draw his motion for a directed verdict was not made until after the court had ruled on the motions for a directed verdict. Since the defendant in *Bunch* followed the former procedure to an ultimate ruling, his argument that the procedure should be changed was not appealing in that case.

I concur in the majority opinion.

SLOAN, J., dissenting.

The result of this case is wrong. The record shows that the trial court first ruled on defendant's motion to withdraw his request for a directed verdict. The court refused this and that ruling is now reversed. However, the judge then stated that he would pass on the motions for a directed verdict and ruled in favor of plaintiff's motion. It must be remembered that the court's ruling only decided the issue of defendant's liability. The plaintiff's motion to direct the jury that plaintiff was not guilty of contributory negligence was denied and the court submitted that issue to the jury with careful instructions. The evidence is convincing that there was fault on the part of defendant. Accordingly, in an Employers' Liability Act case, plaintiff was entitled to a verdict in some amount and the directed verdict in his favor on the question of the liability of defendant was properly allowed. So too, was the denial of plaintiff's motion on contributory negligence.

There was some evidence that plaintiff was negligent. And, had this been the usual tort action, plaintiff would not have been entitled to a directed verdict. In that case a finding by the jury of contributory negligence would have been a complete bar to plaintiff's recovery. This is not so, of course, in an Employers' Liability Act case. The only issue for the

jury was to measure plaintiff's contribution to the accident and to reduce his damages accordingly. The jury did weigh the extent of plaintiff's negligence and the verdict reflects the jury's determination of the extent to which that contributed to the accident. The only point at which the trial court must, necessarily, have weighed the evidence, as discussed in the majority opinion, was when he refused to accept the verdict.

It should be our order that the case be remanded to reinstate the jury's verdict.