Argued January 4, affirmed February 15, 1967

HAWES, *Respondent, v.* TAYLOR, *Respondent,*
and
TAYLOR, *Appellant.*

423 P. 2d 775

*Sam F. Speerstra,* Salem, argued the cause for appellant. With him on the briefs were Rhoten, Rhoten and Speerstra, Salem.

*Otto R. Skopil, Jr.,* Salem, argued the cause for respondent Elizabeth Hawes. With him on the brief were Williams, Skopil & Miller and Harry C. Coolidge, Salem.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and REDDING, Justices.

O'CONNELL, J.

This is an action to recover for personal injuries sustained by plaintiff when her automobile was struck by an automobile which was maintained by and under the control of defendant Iola Taylor and driven by her 16-year old son, defendant Darrell Taylor. Defendant Iola Taylor appeals from a judgment for plaintiff.

On the day of the accident Iola Taylor gave her son, Darrell, and his girl friend, Gloria Epperly, permission to use her automobile for the purpose of attending a reunion of the Epperly family. She instructed them, however, that Gloria was to do the driving and that Darrell was not to drive. It is conceded that at the time of the accident the automobile was being used for a family purpose. However, defendant Iola Taylor contends that the family purpose doctrine does not apply because, at the time of the accident, Darrell Taylor was driving the automobile in violation of her express instructions.

Defendant relies upon *Kraxberger v. Rogers,* 231

Or 440, 373 P2d 647 (1962) and *Steele v. Hemmers,* 149 Or 381, 40 P2d 1022 (1935), which hold that the family purpose doctrine is not applicable if the family automobile is used without the defendant's consent.

■ These cases are not controlling. In the present case Iola Taylor consented to the use of the automobile for a family purpose.[1] Having consented to its use for a family purpose, defendant should not escape liability merely because the automobile is being used in a manner which was forbidden at the time of the accident.[2]

■ The present case is not substantially different than those cases in which a member of the family, having received consent to drive the car, uses it for a purpose or in a manner or at a time contrary to the defendant's instructions.[3] We hold that the family purpose doctrine is applicable in the present case.

---

[1] If the accident had occurred while Gloria was driving, the family purpose doctrine would have been applicable. "It is not necessary, in order to fix liability upon the owner under the doctrine, that the automobile be *driven* by a person for whose use it is kept so long, at least, as such person was present in the car at the time of the accident." 2 Harper & James, Torts, § 26.15, p. 1423 (1956).

[2] See 2 Harper & James, Torts, § 26.15, p. 1423-24, n. 27.

[3] See Turner v. Hall's Adm'x., 252 SW2d 30 (Ky 1952) (son allowed to use car with express instructions not to allow others to drive or even take passengers; accident resulting from negligence of friend whom son allowed to drive held within family purpose doctrine). See also, Richardson v. True, 259 SW2d 70 (Ky 1959) (parent-owner liable for negligence of son, who was instructed not to drive family automobile outside city limits, when accident occurred while son violating instructions); Evans v. Caldwell, 184 Ga 203, 190 SE 582 (1937) (son instructed to return home immediately after movie; parents liable for negligence of son where accident occurred on way to dance after movie).

For a similar holding based purely on agency principles, see Arcara v. Moresse, 258 NY 211, 179 NE 389 (1932) (owner lending automobile to nephew with instructions not to permit another to drive held liable where nephew's friend, driving with permission of nephew, negligently caused accident).

Plaintiff and defendants moved for a directed verdict and, in accordance with the usual practice prior to our pronouncement in *Godell v. Johnson,* 244 Or 587, 418 P2d 505 (1966), the trial judge assumed the role of trier of fact and did not submit the case to the jury. In *Godell* we held that even though motions for a directed verdict are made by both parties, the case must be submitted to the jury unless a jury trial is expressly waived. The *Godell* case had not been handed down at the time the present case was tried. It is now contended that since a jury trial was not expressly waived, the cause should be remanded for a new trial before a jury. It should be noted that in the *Godell* case the defendant attempted to withdraw his motion for a directed verdict and requested that the case be submitted to the jury. Defendant in the case at bar did not object to having the trial judge decide the questions of fact.

■ We did not intend that the rule in *Godell* should be applicable to prior cases in which there was no request to submit the issues of fact to the jury.

The judgment is affirmed.