Argued May 9, affirmed June 12, 1975

GRANGE INSURANCE ASSOCIATION ET AL,
*Respondents, v.* ZUMWALT ET AL, *Defendants,*
ST. PAUL MERCURY INSURANCE COMPANY,
*Appellant.*
536 P2d 428

*Jon A. Schiewe,* Portland, argued the cause and filed a brief for appellant.

*William L. Hallmark,* Portland, argued the cause and filed a brief for respondents.

DENECKE, J.

Plaintiff brought this declaratory judgment proceeding to determine issues of liability and insurance coverage.

The plaintiff, Grange Insurance Association, issued an automobile liability insurance policy insuring the plaintiffs, Mr. and Mrs. Noggle. The defendant, St. Paul Mercury Insurance Company, issued an insurance policy to the defendants, Mr. and Mrs. Zumwalt, providing uninsured motorist coverage for the Zumwalts. The Noggles owned a Volkswagen which collided with a vehicle driven by Mrs. Zumwalt and injured her.

In May, the Noggles purchased the Volkswagen for the use of their daughter Norma. In the summer, the Volkswagen was involved in an accident while it was being driven by a friend of Norma's. Norma's parents instructed her that she was not to let anyone else drive and if she did they would take the vehicle from her. On November 27, the vehicle was involved in

another accident while being driven by another friend of Norma's. On that same date or shortly thereafter, the Noggles found out about the accident and that Norma was not driving. The Noggles tried to find the car and take it from Norma. They enlisted the help of the police. Norma knew this and stayed away from home when her parents were there. On December 6, the Volkswagen, while driven by the defendant May, with Norma as a passenger, collided with the Zumwalt car. May's negligence seems to be conceded.

St. Paul contends Mr. and Mrs. Noggle are liable for Mrs. Zumwalt's injuries. It bases its contention upon the premise that under the family purpose doctrine May was operating the vehicle as an agent of the Noggles.

We have held: "He [a parent maintaining a car for the pleasure and convenience of his family] is only responsible if the car is driven by a member of his family with his knowledge and consent." *Kraxberger v. Rogers,* 231 Or 440, 455-456, 373 P2d 647 (1962). *Accord, Steele v. Hemmers,* 149 Or 381, 384, 40 P2d 1022 (1935). In both cases there was evidence that the child took the car out of the garage without the parent's consent and contrary to the parent's instruction.

On the other hand, in *Hawes v. Taylor,* 246 Or 32, 423 P2d 775 (1967), we held that the driver was driving with the knowledge and consent of his parent although at the time of the accident it was being used in a manner which had been forbidden by the parent. The parent authorized her son to take the family car to a family reunion but forbade him to drive and instructed him that his girl friend was to drive. The son was driving at the time of the accident. We distinguished *Kraxberger* and *Steele* because those cases held the family purpose doctrine did not apply if the car was being driven without the parent's consent. In

the *Hawes* case it was driven with the parent's consent but contrary to the parent's instructions.

The trial court made a finding of fact that at the time Mrs. Zumwalt was injured, Norma did not have the express or implied permission of her parents to possess or use the vehicle. The evidence which we have set out amply supports that finding. A declaratory judgment proceeding such as this will be treated as either legal or equitable depending upon its nature. For example *Hartford v. Aetna/Mt. Hood Radio,* 270 Or 226, 527 P2d 406, 408 (1974). A proceeding to determine whether the Noggles are tortiously liable is legal in nature. Therefore, the findings of the trial court which are supported by evidence must be accepted by us as correct.

The finding that Norma did not have the permission of her parents to use the car leads to the conclusion that it was not being operated with their knowledge and consent and, therefore, the Noggles are not liable.

The other contention by St. Paul is that the driver of the Volkswagen, May, was covered by the Grange policy because May was driving with the permission of the named insured. Our decision that the Noggles are not liable because the car was not driven with their consent answers this second issue. The Noggles did not directly or expressly permit May to drive. Norma could not act for her parents and give May permission because she was using the car without their consent.

Affirmed.