# ALLSTATE INSURANCE COMPANY, *Appellant,*

## *v.*

# MINUGH, *Defendant.*

# ISAACSON et al, *Respondents.*

545 P2d 597

*William G. Purdy* of Frohnmayer & Deatherage, Medford, argued the cause and filed briefs for appellant.

*Randall E. Thwing* of Thwing, Atherly & Butler, Eugene, argued the cause and filed a brief for respondents.

Before O'Connell, Chief Justice, and Denecke, Holman, Tongue, Howell and Bryson, Justices.

O'CONNELL, C. J.

**O'CONNELL, C. J.**

This is a declaratory judgment proceeding brought by Allstate Insurance Company to obtain a decree declaring that defendant Mutual of Enumclaw Insurance Company's policy, rather than plaintiff's policy provided the coverage in the circumstances described below. Plaintiff appeals from a decree declaring that Enumclaw's policy did not provide coverage.

Bobby Minugh was injured when his automobile was struck by a 1965 Chevrolet registered in the name of William A. McFarland and which was operated by Linnea Isaacson at the time of the accident. Prior to the accident, William McFarland's son, Larry McFarland, gave Linnea Isaacson permission to use the Chevrolet for her own purposes. Minugh brought an action against Linnea Isaacson and recovered $55,761.25. Minugh also demanded arbitration to determine whether Allstate, his insurer, was liable under its uninsured motorist provision. The trial court entered an order declaring that Linnea Isaacson was an uninsured motorist; that neither William nor Larry McFarland were liable in damages to Bobby Minugh; that Allstate was obligated to pay Minugh under the uninsured motorist provision; and that Enumclaw was not obligated to pay any sums for which Linnea Isaacson was liable to Minugh.

Enumclaw's policy provides as follows:
"The following are insured under Part 1:
"(a) with respect to the owned automobile,
"(1) the named insured and any resident of the same household,
"(2) any other person using such automobile with the express but not the implied permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission, * * *."

There was no evidence that the named insured, William McFarland, gave Linnea Isaacson "express" permission to use the vehicle covered by Enumclaw's pol-

icy. Plaintiff urges us to "adopt a rule that where once permission is granted to an initial permittee to use the vehicle coverage exists for a second permittee so long as the use of the vehicle does not constitute an unlawful taking."

To adopt plaintiff's proposed rule would require us to excise that part of Enumclaw's policy which precludes coverage unless *express* consent is given. This we refuse to do.

There is no evidence in the present case from which the trier of fact could find that William McFarland gave Linnea Isaacson permission to use the vehicle or authorized Larry McFarland to give such permission. William and Larry McFarland both testified that Larry was instructed not to let anyone else use the car. Defendant contends that the jury could have disbelieved this uncontradicted testimony and found that William McFarland authorized Larry McFarland to permit Linnea Isaacson's use of the vehicle. The jury was entitled to disbelieve the McFarland's testimony, and, in the absence of the policy provision requiring express consent, the jury could have found an implied permission from the circumstances. But it could not conclude that *express* permission was given unless there was some evidence from which such a conclusion could be drawn.

Judgment affirmed.

**TONGUE, J.,** specially concurring.

I concur in the result of the opinion by the majority under the particular facts of this case. Because of my concern, however, over the possibility that this decision may be misapplied in future cases involving different facts, I would point out that the law on this subject has been stated in an Annotation in 4 ALR3d at 18 (1965), to be as follows:

> "Where the named insured expressly prohibited the original permittee from allowing anyone else to drive, both the first permittee and the second permittee have

usually been denied coverage under the omnibus clause as to liability arising from the second permittee's use of the automobile solely for his own purposes. But coverage has been extended to the first permittee notwithstanding the violation of such instructions where the car was being used for a purpose authorized by the named insured and the original permittee was a passenger in the car or its operation by the second permittee was for the original permittee's benefit or advantage. The authorities are conflicting as to the coverage of the second permittee under the latter circumstances, * * *."

In this case Miss Isaacson was using the automobile solely for her own use and purposes in returning from her dental appointment. At the time of the accident Larry McFarland was not a passenger in the automobile. Nor was the automobile being operated for his benefit or for the benefit of his father.