Argued January 8, affirmed March 18, 1976

TRUCK INSURANCE EXCHANGE, *Respondent,*
*v.*
ALLIANCE PLUMBING, INC. et al, *Defendants,*
SHORT et al, *Appellants.*

547 P2d 90

*Robert L. Burns,* of Burns & Lock, P.C., Gresham, argued the cause and filed briefs for appellants.

*James H. Clarke,* Portland, argued the cause for respondent. With him on the briefs were Dezendorf, Spears, Lubersky & Campbell and Robert E. Maloney, Jr., Portland.

DENECKE, J.

## DENECKE, J.

The issue is whether Jenene Watts was driving a Chevrolet with the permission of her father, Kenneth Watts, or her mother, so as to be an omnibus insured of a liability policy issued by the plaintiff insurance company.

Kenneth Watts' company owned a Chevrolet which Watts controlled. The parties assume he was a named insured of plaintiff's policy covering the Chevrolet. The Watts separated and the Chevrolet was left with Mrs. Watts with the understanding it was to be for her use and Watts was to pay for the cost of operation. Their daughter Jenene lived with her mother. Jenene obtained a learner's permit which required that she not operate the car without the presence of a licensed driver. Kenneth Watts knew Jenene secured her learner's permit and had driven with her mother present. He approved of this.

Jenene "sneaked" the keys out of her mother's purse and drove away without a licensed driver present. She knew she should not do this and that her learner's permit required the presence of a licensed driver. Jenene collided with defendant Donald Short and injured him. Short brought an action against the Watts, plaintiff denied coverage and brought this declaratory judgment proceeding.

The proceeding was tried without a jury. The trial court found that Jenene was driving without the express or implied permission of either of her parents and concluded there was no coverage. Defendant Short appeals.

The policy provides that it covers: "[A]ny other person while using an owned automobile or a hired automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *."[1]

[1] The omnibus clause in *Allstate Ins. Co. v. Minugh,* 274 Or 273, 545 P2d 597, decided February 12, 1976, was significantly different.

■ We have consistently held that when a child takes a vehicle contrary to the orders of his parents and injures a third party, a finding by the trier of fact that the car was not driven with the permission or consent of the parents will be affirmed.

In *Kraxberger v. Rogers,* 231 Or 440, 455-456, 373 P2d 647 (1962), the son had only a learner's permit. His father authorized him to drive only off the highway and on one occasion on a highway accompanied by his father. About 4:00 o'clock one morning the son managed to open the locked garage door, get the keys out of his father's pocket and drive away. He later injured plaintiff. We held that the jury should have been instructed that if they found these to be the facts, the father would not be liable.

In *Grange Insurance Association v. Zumwalt,* 272 Or 263, 536 P2d 428 (1975), the parents instructed their daughter that she should let no one else drive the car. She did to the contrary and a collision ensued. The daughter knew her parents were looking for her to take the car from her so she did not come home. The daughter allowed another person to drive the car and Mrs. Zumwalt was injured. We affirmed a finding of the trial court that the daughter did not have the express or implied permission of her parents to possess or use the vehicle.

■ Both of these cases decided the parents were not liable under the family purpose doctrine, not that the driver was not covered under the omnibus clause. The scope of the family purpose doctrine, however, is co-extensive with the scope of the omnibus clause when a member of the family is the driver.

We observed: "Primarily, the original purpose of the omnibus clause was to protect members of the family or household who drove the family car. 12 Couch, Insurance (2d ed), § 45.293." *Ryan v. Western Pac. Ins. Co.,* 242 Or 84, 87, 408 P2d 84 (1965). The omnibus clause now has been extended to cover persons in addi-

tion to members of the family. We believe it advisable, however, and consistent with the purpose of the clause, when the driver is a member of the family, to make the scope of the two the same. Plaintiff so contended at oral argument.

■ Plaintiff relied primarily on another family purpose case, *Hawes v. Taylor*, 246 Or 32, 423 P2d 775 (1967). There, the parent expressly authorized her son to take the family car but forbade him to drive and instructed him that his girl friend should drive. The son drove and injured plaintiff. We distinguished *Kraxberger* because the car in that case was being driven without the parent's consent. In *Hawes* it was driven with the parent's consent but in a manner contrary to the parent's instructions. The present case is similarly distinguishable from *Hawes.*

Affirmed.

**TONGUE, J.,** specially concurring.

I concur in the result of the majority opinion, but upon the ground that the question whether Jenene Watts was driving the car with the express or implied permission of her father or mother was a question of fact and that there was substantial evidence to support the finding by the trial court on that question.