Argued at Pendleton May 2, reversed and remanded with instructions June 7, 1977

HEENAN, *Appellant,*

*v.*

PERKINS et al, *Respondents.*

(No. 5630, SC P2508)

564 P2d 1354

M. Chapin Milbank of Schlegel, Milbank, Wheeler, Jarman & Hilgemann, Salem, argued the cause and filed a brief for appellant.

Gerald A. Martin, Bend, argued the cause for respondents. With him on the brief were Gray, Fancher, Holmes & Hurley, Bend.

Before Denecke, Chief Justice, and Howell, Bryson, Lent, Linde, and Campbell, Justices.

BRYSON, J.

## BRYSON, J.

Plaintiff Jack Heenan (Jack), by guardian ad litem, brought this action to recover for personal injuries sustained when the truck in which he was a passenger went out of control. The truck was owned by defendant Hamlin Perkins and was being driven at the time of the accident by his minor stepson, Matt Sheffield (Matt). Plaintiff sought to hold defendant Matt liable for gross negligence and defendant Perkins liable as principal under the family purpose doctrine. The jury returned a verdict against defendant Matt but in favor of defendant Perkins. Plaintiff appeals from that portion of the judgment entered in Perkins' favor. The facts are not in dispute.

Defendant Perkins owned a farm near Madras, Oregon. Matt contributed to this family enterprise by doing chores around the farm, one of which was moving and arranging the irrigation pipes. Matt had general permission to use the family's 1950 Dodge pickup truck in connection with this farm activity but was not permitted to use it for non-farm purposes. Defendants testified that the truck was used only for farm purposes.

On the day of the accident, Jack and his brothers were house guests at the Perkins farm and accompanied Matt to help him move irrigation pipe. The boys took the truck but did not go directly to work as Matt wanted to visit a friend prior to moving the irrigation pipe. Jack was injured when Matt caused the truck to "fishtail" on a gravel county road. He lost control and the pickup rolled over. The accident occurred after Matt had gone past the field in which they were to move the irrigation pipe and while he was on his way to his friend's house.

Plaintiff excepted to the trial court giving the following jury instruction:

"If you find that the pickup truck owned by the defendant Hamlin Perkins was a vehicle used only for

farm purposes and not provided for the general use, convenience, and pleasure of his family, then the Family Purpose Doctrine does not apply. * * *"

Both parties agree the only issue presented by this appeal "is whether the trial court was correct as a matter of law in instructing the jury that the family purpose doctrine did not apply if they found that the vehicle in question was used only for farm purposes."

Defendant Perkins argues "that where as in the present case the vehicle in question is equivalent in its use to a tractor or other farm implement, the family purpose doctrine does not apply. The family purpose doctrine has historically applied to vehicles used for general family purposes usually social or recreational."

We have not previously been called upon to determine specifically whether the family purpose doctrine applies to motor vehicles maintained with the intention that they be used only for farming purposes. We have consistently held that this doctrine "is a part of the law of agency" and applies whenever a vehicle is "maintained by the owner for the pleasure or convenience of his family." *Kraxberger v. Rogers,* 231 Or 440, 450, 373 P2d 647 (1962). In *Foster v. Farra et al,* 117 Or 286, 298, 243 P 778 (1926), we stated:

> "* * * This doctrine puts the financial responsibility of the owner behind the automobile in furtherance of the business and purposes for which it is maintained. * * *"

Mindful that part of the basis for the Oregon family purpose doctrine is that of assuring injured persons that the wrongdoer will be financially responsible,[1] we see no reason to carve an exception from the rule adopted in Oregon because the vehicle happens to be one that is used for farm purposes. The fiction of agency still exists even though the vehicle is used for farm purposes.[2]

---

[1] *See Wiebe v. Seely,* Administrator, 215 Or 331, 346-48, 350, 335 P2d 379 (1959).

[2] *See Chouinard v. Wooldridge,* 102 Conn 66, 73-75, 127 A 908 (1925).

■ The fact that the vehicle was used in the family business for the profit of the family weighs in favor of applying the doctrine, based upon the law of agency, to the pickup owner, defendant Perkins. The use of the vehicle reflects the purpose for which the vehicle was purchased.

The defendant relies upon *Redding v. Barker,* 33 Tenn App 132, 230 SW2d 202 (1950), for the proposition that the use of a truck for farming purposes is not a family purpose. We have examined that case and note that the Tennessee court has taken a more restrictive view of the family purpose doctrine in general than the Oregon court. We are not persuaded by the opinion in that case.

In the case at bar, the truck was purchased and used for a family purpose—the maintenance of the family farm and to transport family members and friends about the farm. At the moment of the accident Matt was using the vehicle for a purpose not authorized by his stepfather, but we have held that this does not relieve defendant Perkins from liability.

In *Hawes v. Taylor,* 246 Or 32, 34-35, 423 P2d 775 (1967), we held that once a parent consents to the use of a vehicle for a family purpose he will not be allowed to escape liability "merely because the automobile is being used in a manner which was forbidden at the time of the accident." In footnote 3 to that opinion we cite numerous cases for the proposition that the owner remains liable where "a member of the family, having received consent to drive the car, uses it for a purpose or in a manner or at a time contrary to the defendant's instruction."[3]

■ Since maintenance of the family farm is a "family purpose" and since the initial use of the vehicle was with defendant Perkins' consent, the characterization

---

[3]See also, 6 Blashfield, Automobile Law and Practice § 255.29 (3d ed 1966); Annot., 8 ALR3d 1191, 1217-219. *Cf. Truck Ins. Exch. v. Alliance Plumb.,* 274 Or 435, 439, 547 P2d 90 (1976).

of the vehicle as a farm vehicle rather than a pleasure vehicle is irrelevant to the application of the family purpose doctrine. It follows that the trial court erred in instructing the jury as excepted to by plaintiff.

■ The jury has found that the accident was caused by Matt's gross negligence and has determined the extent of plaintiff's damages. Article VII, § 3, of the Oregon Constitution provides:

> "* * * [I]f, in any respect, the judgment appealed from should be changed, and the supreme court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the supreme court. * * *"

The evidence is uncontroverted and uncontested that the truck was owned by defendant Perkins; that Matt is a member of defendant Perkins' family; and that Matt had ongoing permission to use the truck on the day of the accident. Therefore, we find no reason to remand the case for a new trial on the issue of defendant Perkins' liability.

Reversed and remanded for entry of judgment in favor of plaintiff and against defendants Perkins and Sheffield.