Argued and submitted July 27, 1987, affirmed April 20, 1988

# COLONIAL INSURANCE COMPANY,
*Appellant,*

*v.*

# ALLSTATE INSURANCE COMPANY,
*Respondent.*

(86-626; CA A42167)

752 P2d 1290

Denise G. Fjordbeck, Eugene, argued the cause for appellant. With her on the brief was Jaqua, Wheatley, Gallagher & Holland, P.C., Eugene.

David B. Knower, Albany, argued the cause for respondent. With him on the brief was Coady & Knower, Albany.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Plaintiff appeals a judgment for defendant in an action for contribution or indemnity. Plaintiff issued an automobile liability policy to Shore. Defendant issued an automobile liability policy to Brown. While driving Brown's car, Shore collided with another vehicle, injuring its driver and two passengers and suffering fatal injuries. Because Shore was plaintiff's insured, it defended his estate against claims of the injured parties. It satisfied a judgment for one of the claimants and settled the other two claims.

Plaintiff asserted that Shore was also covered as an "insured" under Brown's policy, which states:

*"Persons Insured*

"(1)   While using your insured auto:

"(a)   you,

"(b)   any resident and,

"(c)   any other person using it with your permission."
(Emphasis omitted.)

Defendant denied that Shore was an insured under Brown's policy and refused to defend any of the claims or to contribute or indemnify, and plaintiff brought this action. It assigns as error that the court, which tried the action without a jury, concluded:

"7.   That [Brown's] policy of insurance with defendant does not limit permissive use to express permission; however, the facts recited [in paragraphs 1 through 6 of the findings] do not meet the requirements necessary for implied permission.

"8.   Therefore, [Shore] was not a permissive user under [Brown's] insurance policy, and his conduct was not insured by defendant."

The court found:

"1.   That [Brown] was the owner of the vehicle in question and her daughter, [Suzanne], was a permitted user.

"2.   That [Brown] expressly authorized use of the vehicle only by [Suzanne] and told her not to let anyone else drive the vehicle.

"3.   Contrary to [Brown's] instructions, [Suzanne] allowed [Shore] to use and drive the vehicle on a regular basis for

approximately a four-week period prior to the accident and [Shore's] death.

"4. That the use of the vehicle by [Shore] was without [Brown's] knowledge or consent.

"5. That on the date of the accident [Shore] was using the vehicle for his own purposes without [Suzanne] as a passenger.

"6. That the reason for [Shore's] use of the vehicle in question was because his own vehicle had mechanical difficulties and was not safe to operate."

Plaintiff does not dispute that there is substantial evidence in the record to support the findings.

We agree with the court's conclusions of law that Brown's policy does not require express permission to support permissive use and that the facts do not establish implied permission. We also agree that Shore was not driving Brown's car with her permission and that defendant's policy, therefore, provided no coverage.

Plaintiff relies on *Hawes v. Taylor,* 246 Or 32, 423 P2d 775 (1967), for the proposition that a policy which provides that "insured" includes any other person who drives with the owner's permission also covers a driver to whom the owner's permittee gives permission. In *Hawes,* the owner permitted her son and his friend to use the car to attend a reunion of the friend's family on condition that her son not drive the car. He did drive, and an accident occurred. The parties conceded that the car was being used for a family purpose. The court affirmed that the owner was liable under the "family purpose doctrine" for the injuries that the son's driving caused. The "family purpose doctrine," however, is inapplicable here.[1] Shore was not a member of Brown's family. He was driving the car for his own purposes. Suzanne was not even a passenger.

Plaintiff also relies on *N.W. Marine Iron v. Western Casualty,* 45 Or App 269, 608 P2d 199, *rev den* 289 Or 209 (1980), in which the owner of a car loaned it to her brother

---

[1] Plaintiff contends that the family purpose doctrine should apply to this case and relies on *Truck Ins. Exch. v. Alliance Plumb.,* 274 Or 435, 547 P2d 90 (1976). There, however, the court held that the family purpose doctrine applied when the *driver* was a family member. Shore was not a member of Brown's family.

without restrictions. He, in turn, loaned it to a family friend. The owner knew that the friend was driving her car, and the court concluded that there was evidence to support the conclusion that he had implied permission to do so. There is also substantial evidence here to support the court's findings which in turn support its conclusion that Brown did *not* impliedly permit Shore to drive. The court did not err when it concluded that Shore was not insured under Brown's policy.

Affirmed.