Argued and submitted June 21, reversed and remanded with instructions
September 27, 1989, reconsideration denied January 5, petition for review denied
February 6, 1990 (309 Or 333)

EASLY,
*Respondent,*

*v.*

COLBY et al,
*Defendants,*

DEPPMEIER,
*Appellant.*

(A8604-02216; CA A48682)

779 P2d 1093

James H. Clarke, Portland, argued the cause for appellant. With him on the briefs were Robert E. Maloney, Jr., and Spears, Lubersky, Bledsoe, Anderson, Young & Hilliard, Portland.

William H. Skalak, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Rossman, J., dissenting.

## WARREN, J.

In this negligence action, plaintiff sought to establish, among other things, that defendant Deppmeier served marijuana to defendant Colby at a time when she was visibly intoxicated.[1] The trial court took that question from the jury on a mistaken belief that the serving of marijuana to a visibly intoxicated person cannot legally result in liability. *See Aebischer v. Reidt,* 74 Or App 692, 696, 704 P2d 531, *rev den* 300 Or 332 (1985). It submitted only the question of furnishing alcohol when Colby was visibly intoxicated. The jury returned a verdict for Deppmeier. Recognizing its error in withdrawing the first question from the jury, the court granted a motion for a new trial. Deppmeier appeals, arguing that, assuming the correctness of the court's legal analysis, there was no evidence from which the jury could have found that Deppmeier had served marijuana to Colby when she was visibly intoxicated and the court's initial decision to take the question from the jury was, therefore, not error, but its decision to grant a new trial was.

There is no direct evidence that Deppmeier served Colby marijuana while she was visibly intoxicated. The question is whether there is evidence from which the jury could have reasonably made that inference.

The evidence viewed most favorably to plaintiff shows: At approximately 3:00 p.m. Deppmeier served Colby two shots of tequila. Between 3:00 p.m. and 6:00 p.m., Deppmeier and Colby shared a bottle of wine purchased by Colby. With the first glass of wine, they shared a marijuana cigarette provided by Deppmeier.

Plaintiff was injured at approximately 7:30 p.m., when a car being driven by Colby struck the motorcycle that plaintiff was driving. Witnesses at the scene described Colby's condition as "visibly intoxicated." An Intoxilyzer test, taken at 9:00 p.m., showed that Colby had a blood alcohol level of .19. Plaintiff's expert toxicologist testified that at that level of blood alcohol a woman of Colby's size and weight would appear to be visibly intoxicated. He testified that, to have a blood alcohol level of .19 at 9:00 p.m., a woman of Colby's size

---

[1] Only Deppmeier is the respondent on appeal. The cross-appeal by Easly has been dismissed.

and weight would have had to have had approximately 11 drinks between 3:00 p.m. and 6:00 p.m. Assuming a correct Intoxilyzer reading of .19, plaintiff's expert testified that the woman would have had a blood alcohol level of .21 before her last drink at 6:00 p.m. He also testified that the woman would not have appeared to be visibly intoxicated after two tequilas.

We conclude that the evidence is not sufficient to allow a jury reasonably to infer that Colby was visibly intoxicated when Deppmeier furnished her marijuana. The evidence is uncontradicted that Deppmeier served Colby the marijuana at approximately 3:00 p.m. with the first glass of wine. Although there is much evidence from which the jury could infer that Colby was visibly intoxicated when she stopped drinking at 6:00 p.m., there is no evidence from which the jury could infer the level of Colby's blood alcohol or her state of visible intoxication at 3:00 p.m., when Deppmeier served her marijuana.

Contrary to the dissent's view, the jury's right to disbelieve evidence does not fulfill plaintiff's duty to prove his case. If the evidence about the circumstances of Colby's consumption of marijuana is not believed, the jury could only speculate about what the true circumstances were. The court could not permit the jury to base its decision for plaintiff on the absence of evidence. *Allstate Insurance Co. v. Minugh,* 274 Or 273, 276, 545 P2d 597 (1976); *Conger v. Dant & Russell, Inc.,* 250 Or 480, 483, 443 P2d 201 (1968). We conclude, therefore, that there is no evidence from which the jury could reasonably infer that she was visibly intoxicated at that time. The court erred in granting plaintiff's motion for a new trial.

Reversed and remanded with instructions to enter judgment for defendant Deppmeier on jury verdict.

**ROSSMAN, J.,** dissenting.

In my view, the majority's analysis ignores the jury's prerogative to reject testimony that it does not believe. Because there was ample evidence from which the jury could have found that Deppmeier had served marijuana to Colby when she was visibily intoxicated, I dissent.

The majority reasons that, because "[t]he evidence is uncontradicted that Deppmeier served Colby the marijuana at approximately 3:00 p.m. with the first glass of wine," the jury

could not infer that she was visibly intoxicated when she was served marijuana. 98 Or App at 538. There was also "uncontradicted" evidence, however, that Colby was visibly impaired at the scene of the accident at 7:30 p.m., that she had a blood alcohol level of .19 at 9:00 p.m. and that, given that Intoxilyzer reading, she must have consumed 11 drinks between 3:00 p.m. and 6:00 p.m. Because Deppmeier and Colby's testimony regarding when and how much alcohol Colby consumed is completely inconsistent with that evidence, the jury was entitled to reject it entirely.

Assuming that it did so, it could have drawn several inferences from the remaining evidence consistent with the finding that Colby was visibly intoxicated when she was served the marijuana. It could have reasoned, for example, that Colby registered a high blood alcohol content at 9:00 p.m. because she had consumed, not just two, but several shots of tequila. If that were the case, she could have been visibly intoxicated when later served marijuana with wine. Alternatively, it might have decided that Deppmeier and Colby must have been drinking and smoking all day, making it probable that Colby was visibly intoxicated whenever it was that she smoked the marijuana. Even if it believed that the marijuana was served at 3:00 p.m. with the first glass of wine, the jury could also have believed that the two shots of tequila, combined with a large glass of wine, had made her visibly intoxicated when Deppmeier served the marijuana.

The point is that the majority bases its analysis on "uncontradicted" evidence that the jury was not required to believe. Even if it did accept that testimony, the evidence permitted the conclusion that Colby was visibly intoxicated when Deppmeier served her the marijuana. Because the evidence was sufficient to raise a question of fact for the jury, plaintiff was entitled to a new trial. I would affirm the trial court.